## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Peerless Indemnity Insurance Company, | Civil No. 15-04112 (ADM-LIB) |
| Plaintiff, | Judge Ann D. Montgomery<br>Magistrate Judge Leo I. Brisbois |
| v. | |
| Sushi Avenue, Inc., | **AFFIDAVIT OF**<br>**BLAIR A. HARRINGTON** |
| Defendant. | |

STATE OF MINNESOTA )
　　　　　　　　　　　) ss
COUNTY OF HENNEPIN )

　　　Affiant Blair A. Harrington, being first duly sworn, and under oath, declares the following:

　　　1.　　I am an attorney duly authorized and licensed to practice law in the United States District Court, District of Minnesota.  I am one of the attorneys representing Defendant Sushi Avenue, Inc. ("Defendant") in the above-captioned action.

　　　2.　　I make this Affidavit in Support of the Defendant's Motion to Compel and Redesignate Confidential Material.

　　　3.　　Plaintiff Peerless Indemnity Insurance Company ("Plaintiff") provided Defendant with worker's compensation insurance coverage under policy number WC 8948248, effective from March 19, 2013 through March 19, 2014 and March 19, 2014 through February 15, 2015.

4.     Defendant's estimated premiums were $46,864 for the first policy period and $39,630 for the second policy period.

5.     The audit resulted in an additional premium of $389,354. Because Defendant could not reach a resolution with the Plaintiff regarding the additional premium for the first policy period, Plaintiff cancelled the second policy period effective March 18, 2015. The cancellation audit resulted in an additional premium of $357,640.

6.     On April 22, 2016, Defendant served Plaintiff with Defendant's First Set of Interrogatories and Requests for Production.

7.     Plaintiff responded to Defendant's First Set of Interrogatories and Requests for Production on May 23, 2016.

8.     Plaintiff produced a total of 1,015 documents to Defendant by June 7, 2016 as well as a Redaction Log. Attached hereto as **Exhibit 1** is a true and correct copy of the Redaction Log.

9.     On September 8, 2016, Defendant received a copy of the documents produced by Hornig Insurance Agency in response to Plaintiff's subpoena *duces tecum*.

10.    In preparation for depositions on September 14 and 15, 2016, Defendant extensively reviewed Plaintiff's production and Redaction Log.  During the course of these depositions, Defendant learned, for the first time, of numerous written communications responsive to Defendant's document requests that were not produced by Plaintiff.

11.    Plaintiff's counsel also was unaware of many of the communications disclosed by the witnesses during the September 14 and 15, 2016 depositions and

2

acknowledged the same to Defendant. Plaintiff's counsel agreed to investigate these apparent deficiencies in its client's production.

12. On September 16, 2016, Defendant's counsel sent a letter to Plaintiff identifying the areas in which they believed there were deficiencies with Plaintiff's discovery responses. On September 23, 2016, Plaintiff produced responsive, supplemental documents consisting of 4,936 pages of emails. Plaintiff indicated that it would further supplement its production and update its privilege log with additional responsive documents.

13. Defendant received supplemental production from Plaintiff on October 4, 2016 (267 documents) and October 7, 2016 (336 documents).

14. Plaintiff produced an Amended Redaction Log on October 18, 2016, itemizing the redacted documents in the supplemental production. Attached hereto as **Exhibit 2** is a true and correct copy of the Amended Redaction Log.

15. Attached hereto as **Exhibit 3** is a true and correct copy of an email from Nicole Roy to Dawn Mathison dated September 3, 2014, identified as P-SA001745-6, which has been submitted under seal and redacted.

16. Attached hereto are true and correct copies of the following documents produced by Plaintiff throughout the course of discovery:

    a. **Exhibit 4**: Plaintiff's 2014 audit report, identified as P-SA000270-90;

    b. **Exhibit 5**: Email from Dawn Mathison to Catie Sebolt dated April 4, 2014, identified as P-SA000692;

c. **Exhibit 6**: Email from Nicole Roy to Dawn Mathison dated May 8, 2014, identified as P-SA000691;

d. **Exhibit 7**: Email from Dawn Mathison to James Slaski dated August 4, 2014, identified as P-SA000526;

e. **Exhibit 8**: Portion of a manual from the National Council on Compensation Insurance, identified as P-SA006144-46;

f. **Exhibit 9**: Emails between Nicole Roy and Dawn Mathison dated August 26, 2014 and September 2, 2014, identified as P-SA001445-46;

g. **Exhibit 10**: Email from Dawn Mathison to Melissa Marroquin dated September 5, 2014, identified as P-SA000349-51;

h. **Exhibit 11**: Email from Dawn Mathison to Rebecca Christiansen dated April 1, 2015, identified as P-SA000624;

i. **Exhibit 12**: Email from Richard Norton to Curlette Alexander dated May 14, 2015, identified as P-SA000987;

j. **Exhibit 13**: Email from Melissa Marroquin to Laura Abraham dated May 19, 2015, identified as P-SA000884-909;

k. **Exhibit 14**: Email from Timothy Zepnick to counsel dated May 22, 2015, identified as P-SA000926;

l. **Exhibit 15**: Email from Timothy Zepnick to Melissa Marroquin dated June 22, 2015, identified as P-SA000912-3; and

m. **Exhibit 16**: Email from Curlette Alexander to Timothy Zepnick dated June 30, 2015, identified as P-SA002171.

4

FURTHER YOUR AFFIANT SAYETH NOT.


*/s/ Blair A. Harrington*
Blair A. Harrington


Subscribed and sworn to before me
this <u>11th</u> day of November, 2016.

*/s/Michelle A. Carlson*
Notary Public – Minnesota
My Commission Expires *1-31-2021*

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE

PEERLESS REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | AUTHOR | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 1. | 08/07/2014 | P-SA000290 | Dawn Mathison | N/A | | Audit | REDACTED – Confidential communication with attorney reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client; Work Product |
| 2. | 07/20/2015 | P-SA000331 | Curlette Alexander | Stephanie | | Journal Entry | REDACTED–Confidential communication regarding attorney communications and legal thoughts, mental impressions and strategy | Attorney Client; Work Product |
| 3. | 06/30/2015 | P-SA000331 | Curlette Alexander | Tim Zepnick | | Journal Entry | REDACTED–Confidential communication regarding case status, legal advice and opinions and legal strategy in anticipation of litigation | Attorney Client; Work Product |
| 4. | 08/03/2015 | P-SA000682 | Dawn Mathison | N/A | | Audit | REDACTED – Confidential communication with attorney reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client; Work Product |
| 5. | 07/21/2015 | P-SA000881 | Bruce Torres | Stephanie Niemela | John Surprenant; Richard Norton: Lynda Sillner | E-mail | REDACTED – Confidential communication regarding case status, legal advice and opinions in anticipation of litigation | Work Product |
| 6. | 07/01/2015 | P-SA000910 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal thoughts and mental impressions regarding legal counsel in preparation of litigation | Attorney Client; Work Product |
| 7. | 07/01/2015 | P-SA000910-000911 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client; Work Product |

368994

**EXHIBIT**

1

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE

PEERLESS REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | AUTHOR | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 8. | 06/30/2015 | P-SA000911 | Bruce Torres | Douglas Jenkins; Alexander Curlette; Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 9. | 06/30/2015 | P-SA000911-000912 | Douglas Jenkins | Alexander Curlette; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 10. | 06/30/2015 | P-SA000912 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 11. | 07/01/2015 | P-SA000915 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication reflecting corporate counsel's legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 12. | 06/30/2015 | P-SA000915 | Bruce Torres | Douglas Jenkins; Alexander Curlette; Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 13. | 06/30/2015 | P-SA000915-000916 | Douglas Jenkins | Alexander Curlette; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE
PEERLESS REDACTION LOG

| DOC NO. | DOC DATE | BATES NO. | AUTHOR | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 14. | 06/30/2015 | P-SA000916-000917 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 15. | 07/01/2015 | P-SA000920 | Douglas Jenkins | Bruce Torres; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and opinions regarding premium dispute | Attorney Client; Work Product |
| 16. | 06/30/2015 | P-SA000920 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 17. | 06/30/2015 | P-SA000920-000921 | Douglas Jenkins | Alexander Curlette; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 18. | 06/30/2015 | P-SA000921 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 19. | 06/05/2015 | P-SA000924-000926 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE
PEERLESS REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | AUTHOR | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 20. | 05/22/2015 | P-SA000926 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 21. | 05/22/2015 | P-SA000931 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 22. | 05/22/2015 | P-SA000933 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 23. | 05/22/2015 | P-SA000933 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 24. | 06/05/2015 | P-SA000936 | Curlette Alexander | Douglas Jenkins | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 25. | 06/05/2015 | P-SA000936 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

368994

PEERLESS INDEMNITY INSURANCE COMPANY *v.* SUSHI AVENUE

PEERLESS REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | AUTHOR | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---------|-----------|-----------|--------|-----|----|----------|----------------|--------------|
| 26. | 06/05/2015 | P-SA000936-000937 | Curlette Alexander | Douglas Jenkins; Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Bruce Torres | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 27. | 05/31/2015 | P-SA000937 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 28. | 05/22/2015 | P-SA000937-000938 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 29. | 06/09/2015 | P-SA000940-000941 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 30. | 06/30/2015 | P-SA000971 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 31. | 06/22/2015 | P-SA000974 | Douglas Jenkins | Timothy Zepnick | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

368994

PEERLESS INDEMNITY INSURANCE COMPANY *v.* SUSHI AVENUE
PEERLESS REDACTION LOG

| DOC NO. | DOC DATE | BATES NO. | AUTHOR | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 32. | 06/22/2015 | P-SA000974 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 33. | 06/05/2015 | P-SA000974-000977 | Timothy Zepnick | Collin Becker; Laura Abraham | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 34. | 05/22/2015 | P-SA000977-000978 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 35. | 06/22/2015 | P-SA000980 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 36. | 06/05/2015 | P-SA000980-000982 | Timothy Zepnick | Collin Becker; Laura Abraham | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 37. | 05/22/2015 | P-SA000983 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

368994

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 1. | 08/07/2014 | P-SA000290 | Dawn Mathison | N/A | | Audit | REDACTED – Confidential communication with attorney reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client; Work Product |
| 2. | 07/20/2015 | P-SA000331 | Curlette Alexander | Stephanie | | Journal Entry | REDACTED—Confidential communication regarding attorney communications and legal thoughts, mental impressions and strategy | Attorney Client; Work Product Produced Unredacted at P-SA005942 |
| 3. | 06/30/2015 | P-SA000331 | Curlette Alexander | Tim Zepnick | | Journal Entry | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy in anticipation of litigation | Attorney Client; Work Product Produced Unredacted at P-SA005942 |
| 4. | 08/03/2015 | P-SA000682 | Dawn Mathison | N/A | | Audit | REDACTED – Confidential communication with attorney reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client; Work Product |
| 5. | 07/21/2015 | P-SA000881 | Bruce Torres | Stephanie Niemela | John Surprenant; Richard Norton; Lynda Sillner | E-mail | REDACTED – Confidential communication regarding case status, legal advice and opinions in anticipation of litigation | Work Product |
| 6. | 07/01/2015 | P-SA000910 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal thoughts and mental impressions regarding legal counsel in preparation of litigation | Attorney Client; Work Product |
| 7. | 07/01/2015 | P-SA000910-000911 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client; Work Product |

1

EXHIBIT
2

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 8. | 06/30/2015 | P-SA000911 | Bruce Torres | Douglas Jenkins; Alexander Curlette; Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 9. | 06/30/2015 | P-SA000911-000912 | Douglas Jenkins | Alexander Curlette; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 10. | 06/30/2015 | P-SA000912 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002171 |
| 11. | 07/01/2015 | P-SA000915 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication reflecting corporate counsel's legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 12. | 06/30/2015 | P-SA000915 | Bruce Torres | Douglas Jenkins; Alexander Curlette; Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 13. | 06/30/2015 | P-SA000915-000916 | Douglas Jenkins | Alexander Curlette; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002175-2176 |

2

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 14. | 06/30/2015 | P-SA000916-000917 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002175-2176 |
| 15. | 07/01/2015 | P-SA000920 | Douglas Jenkins | Bruce Torres; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and opinions regarding premium dispute | Attorney Client; Work Product |
| 16. | 06/30/2015 | P-SA000920 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client; Work Product |
| 17. | 06/30/2015 | P-SA000920-000921 | Douglas Jenkins | Alexander Curlette; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 18. | 06/30/2015 | P-SA000921 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002181 |
| 19. | 06/05/2015 | P-SA000924-000926 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 20. | 05/22/2015 | P-SA000926 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 21. | 05/22/2015 | P-SA000931 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 22. | 05/22/2015 | P-SA000933 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 23. | 05/22/2015 | P-SA000933 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 24. | 06/05/2015 | P-SA000936 | Curlette Alexander | Douglas Jenkins | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002222 |
| 25. | 06/05/2015 | P-SA000936 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002222 |

4

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 26. | 06/05/2015 | P-SA000936-000937 | Curlette Alexander | Douglas Jenkins; Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Bruce Torres | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002222-2223 |
| 27. | 05/31/2015 | P-SA000937 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 28. | 05/22/2015 | P-SA000937-000938 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 29. | 06/09/2015 | P-SA000940-000941 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product Produced Unredacted at P-SA002226-2227 |
| 30. | 06/30/2015 | P-SA000971 | Curlette Alexander | Timothy Zepnick | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 31. | 06/22/2015 | P-SA000974 | Douglas Jenkins | Timothy Zepnick | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication reflecting corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 32. | 06/22/2015 | P-SA000974 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 33. | 06/05/2015 | P-SA000974-000977 | Timothy Zepnick | Collin Becker; Laura Abraham | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 34. | 05/22/2015 | P-SA000977-000978 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 35. | 06/22/2015 | P-SA000980 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 36. | 06/05/2015 | P-SA000980-000982 | Timothy Zepnick | Collin Becker; Laura Abraham | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 37. | 05/22/2015 | P-SA000983 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 38. | 05/22/2015 | P-SA001016 | Timothy Zepnick | Douglas Jenkins | Collin Becker;Laura Abraham; James Slaski/ Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 39. | 05/22/2015 | P-SA001043 | Timothy Zepnick | Douglas Jenkins | Colin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 40. | 06/05/2015 | P-SA001045-001047 | Douglas Jenkins | Timothy Zepnick | Colin Becker; Laura Abraham; James Slaski; Curlette Alexander; Sam Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy re: premium dispute | Attorney Client |
| 41. | 05/22/2015 | P-SA001047-001048 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client; |
| 42. | 06/05/2015 | P-SA001050-001051 | Douglas Jenkins | Timothy Zepnick | Colin Becker; Laura Abraham; James Slaski; Curlette Alexander | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |

7

PEERLESS INDEMNTY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 43. | 06/05/2015 | P-SA001052-001053 | Douglas Jenkins | Timothy Zepnick | Colin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 44. | 05/22/2015 | P-SA001054 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 45. | 06/05/2015 | P-SA001056-001057 | Douglas Jenkins | Timothy Zepnick | Colin Becker; Laura Abraham; James Slaski; Curlette Alexander | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 46. | 06/05/2015 | P-SA001058-001060 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 47. | 05/22/2015 | P-SA001061 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 48. | 08/03/2015 | P-SA001063 | Douglas Jenkins | Daniel Berglund; Bruce Torres | Timothy Zepnick | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy in anticipation of litigation | Attorney Client; Work Product |

8

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 49. | 07/27/2015 | P-SA001063-001064 | Daniel Berglund | Douglas Jenkins; Bruce Torres | | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy in anticipation of litigation | Attorney Client; Work Product |
| 50. | 07/22/2015 | P-SA001065 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice on premium dispute and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 51. | 07/22/2015 | P-SA001065 | Daniel Berglund | Stephanie Niemela | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication with client regarding status in anticipation of litigation | Attorney Client; Work Product |
| 52. | 07/22/2015 | P-SA001066 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication with attorney forwarding audit information in anticipation of litigation | Attorney Client; Work Product |
| 53. | 08/03/2015 | P-SA001067 | Douglas Jenkins | Daniel Berglund; Bruce Torres | Timothy Zepnick | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy in anticipation of litigation | Attorney Client; Work Product |
| 54. | 07/27/2015 | P-SA001067-001068 | Daniel Berglund | Douglas Jenkins; Bruce Torres | | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy in anticipation of litigation | Attorney Client; Work Product |
| 55. | 07/22/2015 | P-SA001069 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 56. | 07/22/2015 | P-SA001069 | Daniel Berglund | Stephanie Niemela | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication with client regarding status in anticipation of litigation | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 57. | 07/22/2015 | P-SA001070 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication with attorney forwarding audit info in anticipation of litigation | Attorney Client; Work Product |
| 58. | 02/29/2016 | P-SA001084 | Douglas Jenkins | Timothy Zepnick | | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client; Work Product |
| 59. | 02/26/2016 | P-SA001084 | Bruce Torres | Dawn Mathison; Douglas Jenkins | Daniel Berglund; Bruce Smith | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 60. | 02/26/2016 | P-SA001085 | Dawn Mathison | Douglas Jenkins | Bruce Torres; Daniel Berglund | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 61. | 02/02/2016 | P-SA001086 | Douglas Jenkins | Dawn Mathison | Bruce Smith | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 62. | 01/25/2016 | P-SA001087 | Douglas Jenkins | Rebecca Christiansen; Dawn Mathison | Timothy Zepnick; Linda Picha; Bruce Smith | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute and counsel's work product | Attorney Client; Work Product |
| 63. | 01/25/2016 | P-SA001087-001088 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client referencing litigation document for client's review | Attorney Client; Work Product |

10

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 64. | 01/16/2016 | P-SA001088-001089 | Daniel Berglund | Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding status of the case | Attorney Client; Work Product |
| 65. | 01/15/2016 | P-SA001089 | Douglas Jenkins | Daniel Berglund | | E-mail | REDACTED – Confidential communication with client regarding status of the case | Attorney Client; Work Product |
| 66. | 12/29/2015 | P-SA001090 | Douglas Jenkins | Daniel Berglund | | E-mail | REDACTED – Confidential communication with client regarding case law | Attorney Client; Work Product |
| 67. | 04/28/2016 | P-SA001091 | Douglas Jenkins | Linda Picha; Rebecca Christiansen; Laura Abraham; Bruce Smith; Dawn Mathison; Bruce Torres | Timothy Zepick; Daniel Berglund; Meghan Rodda | E-mail | REDACTED – Confidential communication regarding discovery responses | Attorney Client; Work Product |
| 68. | 04/22/2016 | P-SA001092 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client regarding status of the case and legal advice regarding discovery responses | Attorney Client; Work Product |
| 69. | 04/28/2016 | P-SA001113 | Douglas Jenkins | Linda Picha; Rebecca Christiansen; Laura Abraham; Bruce Smith; Dawn Mathison; Bruce Torres | Timothy Zepnick; Daniel Berglund; Meghan Rodda | E-mail | REDACTED – Confidential communication from corporate counsel regarding discovery responses | Attorney Client; Work Product |

11

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 70. | 04/28/2016 | P-SA001113 | Douglas Jenkins | Linda Picha; Rebecca Christiansen; Laura Abraham; Bruce Smith; Dawn Mathison; Bruce Torres | Timothy Zepnick; Daniel Berglund; Meghan Rodda | E-mail | REDACTED – Confidential communication regarding discovery responses | Attorney Client; Work Product |
| 71. | 04/22/2016 | P-SA001114 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client regarding status of the case and legal advice regarding discovery responses | Attorney Client; Work Product |
| 72. | 05/16/2016 | P-SA001116 | Douglas Jenkins | Linda Picha; Rebecca Christiansen; Laura Abraham; Dawn Mathison; Bruce Torres; Heather Bollinger | Timothy Zepnick; Daniel Berglund; Meghan Rodda; Bruce Smith | E-mail | REDACTED – Confidential communication with client regarding status of the case and legal advice regarding discovery responses | Attorney Client; Work Product |
| 73. | 05/13/2016 | P-SA001117 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client containing counsel's thoughts, mental impressions and legal advice and referencing litigation document for client's review | Attorney Client; Work Product |
| 74. | 04/22/2016 | P-SA001117-001118 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client regarding status of the case and legal advice regarding discovery responses | Attorney Client; Work Product |
| 75. | 05/03/2016 | P-SA001119-001141 | Daniel Berglund | Douglas Jenkins | | Draft Discovery | REDACTED – Drafts of discovery pleadings sent to client for review | Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 76. | 07/04/2016 | P-SA001142-001144 | Janice Townsend | Laura Abraham | E-mail | E-mail | REDACTED – Confidential communication from corporate counsel containing counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 77. | 08/17/2016 | P-SA001152 | Douglas Jenkins | Rebecca Christiansen; Laura Abrhaam; James Slaski; Timothy Zepnick; Curlette Alexander; Dawn Mathison | Daniel Berglund; Bruce Torres; Heather Bollinger; Bruce Smith; Meghan Rodda | E-mail | REDACTED – Confidential communication from corporate counsel regarding depositions | Attorney Client; Work Product |
| 78. | 08/16/2016 | P-SA001152-001153 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client regarding depositions | Attorney Client; Work Product |
| 79. | 07/22/2016 | P-SA001154 | Douglas Jenkins | Daniel Berglund | Meghan Rodda; Bruce Torres; Heather Bollinger; Bruce Smith; Dawn Mathison | E-mail | REDACTED – Confidential communication from corporate counsel containing counsel's legal opinion regarding litigation strategy | Attorney Client; Work Product |
| 80. | 07/20/2016 | P-SA001154 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client containing counsel's thoughts, mental impressions, and legal opinions regarding litigation strategy | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 81. | 10/02/2015 | P-SA001156 | Dawn Mathison | Timothy Zepnick; Douglas Jenkins; Linda Picha; Rebecca Christiansen; David Voldan; Laura Abraham | | E-mail | REDACTED – Confidential communication responding to corporate counsel legal advice in anticipation of litigation | Attorney Client; Work Product |
| 82. | 10/01/20215 | P-SA001156 | Timothy Zepnick | Doulgas Jenkins; Linda Picha; Rebecca Christiansen; David Vldan; Dawn Mathison; Laura Abraham | | E-mail | REDACTED – Confidential communication responding to corporate counsel legal advice in anticipation of litigation | Attorney Client; Work Product |
| 83. | 10/01/2015 | P-SA001156-001157 | Douglas Jenkins | Timothy Zepnick; Linda Picha; Rebecca Christiansen; David Voldan; Dawn Mathison | | E-mail | REDACTED – Confidential communication from corporate counsel forwarding counsel's legal opinions, mental impressions, and thoughts regarding the premium dispute | Attorney Client; Work Product |
| 84. | 09/30/2015 | P-SA001157 | Daniel Berglund | Stephanie Niemela; Bruce Torres; Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 85. | 09/14/2015 | P-SA001158 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins | E-mail | REDACTED – Confidential communication from client to counsel requesting assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |

14

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 86. | 10/01/2015 | P-SA001160 | Timothy Zepnick | Douglas Jenkins; Linda Picha; Rebecca Christiansen; David Voldan; Dawn Mathison; Laura Abraham | | E-mail | REDACTED – Confidential communication responding to corporate counsel legal advice in anticipation of litigation | Attorney Client; Work Product |
| 87. | 10/01/2015 | P-SA001160 | Douglas Jenkins | Timothy Zepnick; Linda Picha; Rebecca Christiansen; David Voldan; Dawn Mathison | | E-mail | REDACTED – Confidential communication from corporate counsel forwarding counsel's legal opinions, mental impressions, and thoughts regarding the premium dispute | Attorney Client; Work Product |
| 88. | 09/30/2015 | P-SA001161 | Daniel Berglund | Stephanie Niemela; Bruce Torres; Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 89. | 09/14/2015 | P-SA001161 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins | E-mail | REDACTED – Confidential communication from client to counsel requesting assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 90. | 10/01/2015 | P-SA001163-001164 | Timothy Zepnick | Douglas Jenkins; Linda Picha; Rebecca Christiansen; David Voldan; dawn Mathison; Laura Abraham | | E-mail | REDACTED – Confidential communication responding to corporate counsel legal advice in anticipation of litigation | Attorney Client; Work Product |
| 91. | 10/01/2015 | P-SA001164 | Douglas Jenkins | Timothy Zepnick; Linda Picha; Rebecca Christiansen; David Voldan; Dawn Mathison | | E-mail | REDACTED – Confidential communication from corporate counsel forwarding counsel's legal opinions, mental impressions, and thoughts regarding the premium dispute | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---------|----------|-----------|------|-----|-----|----------|----------------|--------------|
| 92. | 09/30/2015 | P-SA001164-001165 | Daniel Berglund | Stephanie Niemela; Bruce Torres; Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 93. | 09/14/2015 | P-SA001165 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins | E-mail | REDACTED – Confidential communication from client to counsel requesting assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 94. | 06/05/2015 | P-SA001565-001567 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 95. | 05/22/2015 | P-SA001568 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 96. | 12/29/2014 | P-SA001683-1684 | Douglas Jenkins | Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 97. | 12/27/2014 | P-SA001684-001685 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 98. | 12/23/2014 | P-A00001685 | Douglas Jenkins | Guy Decosterd; Timothy Zepnick | Stacie Graham | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |

16

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 99. | 12/23/2014 | P-SA001685 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 100. | 05/02/2014 | P-SA001688 | Douglas Jenkins | Nicole Roy | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 101. | 05/02/2014 | P-SA001688-001689 | Nicole Roy | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client |
| 102. | 05/02/2014 | P-SA001690-001695 | Douglas Jenkins | Nicole Roy | | Westlaw Research | REDACTED – Document attached to 05/02/2014 email from Jenkins to Roy and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 103. | 12/27/2014 | P-SA001696 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication forwarding information to assist in HO legal advice and analysis of premium dispute | Attorney Client |
| 104. | 12/27/2014 | P-SA001696 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 105. | 12/23/2014 | P-SA001697 | Douglas Jenkins | Guy Decosterd; Timothy Zepnick | Stacie Graham | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 106. | 12/23/2014 | P-SA001697 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |

17

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 107. | 03/19/2013 | P-SA001720 | | | | Audit Recommendatio n | REDACTED – Confidential communication reflecting HO legal advice and analysis of premium dispute within audit recommendation | Attorney Client |
| 108. | 12/27/2014 | P-SA001721 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 109. | 12/23/2014 | P-SA001721-001722 | Douglas Jenkins | Guy Decosterd; Timothy Zepnick | Stacie Graham | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 110. | 12/23/2014 | P-SA001722 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 111. | 12/23/2014 | P-SA001724 | Douglas Jenkins; | Guy Decosterd; Timothy Zepnick | Stacie Graham | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 112. | 12/23/2014 | P-SA001724 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 113. | 12/23/2014 | P-SA001727 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 114. | 05/02/2014 | P-SA001729 | Douglas Jenkins | Nicole Roy | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |

18

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 115. | 05/02/2014 | P-SA001729-001730 | Nicole Roy | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client |
| 116. | 05/02/2014 | P-SA001731-001736 | Douglas Jenkins | Nicole Roy | | Westlaw Research | REDACTED – Document attached to 05/02/2014 email from Jenkins to Roy and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 117. | 01/06/2015 | P-SA001812 | Timothy Zepnick | Guy Decosterd | | E-mail | REDACTED – Confidential communication containing corporate counsel's (Doug Jenkin's) legal advice and analysis of premium dispute | Attorney Client |
| 118. | 01/06/2015 | P-SA001812-001813 | Douglas Jenkins | Timothy Jenkins | Guy Decosterd; Stacie Graham | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 119. | 01/05/2015 | P-SA001813-001814 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client |
| 120. | 12/29/2014 | P-SA001815-001816 | Douglas Jenkins | Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 121. | 12/27/2014 | P-SA001816-001817 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 122. | 12/23/2014 | P-SA001817 | Douglas Jenkins | Guy Decosterd; Timothy Zepnick | Stacie Graham | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 123. | 12/23/2014 | P-SA001818 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 124. | 12/29/2014 | P-SA001820-001822 | Douglas Jenkins | Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 125. | 12/27/2014 | P-SA001822 | Timothy Zepnick | Douglas Jenkins | | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 126. | 12/23/2014 | P-SA001823 | Douglas Jenkins | Guy Decosterd; Timothy Zepnick | Stacie Graham | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 127. | 12/23/2014 | P-SA001823 | Guy Decosterd | Douglas Jenkins; Timothy Zepnick | Stacie Graham; Guy Decosterd | E-mail | REDACTED – Confidential communication seeking corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 128. | 05/22/2015 | P-SA001882 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 129. | 11/06/2015 | P-SA001909-001911 | Janice Townsend | James Slaski | | E-mail | REDACTED – Confidential communication from corporate counsel containing counsel's instructions for retaining records for litigation | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 130. | 05/22/2015 | P-SA001926 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED —Confidential communication regarding case status, legal advice and opinions and legal strategy | Attorney Client |
| 131. | 05/22/2015 | P-SA001926 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 132. | 05/22/2015 | P-SA001929 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 133. | 06/05/2015 | P-SA001931-001932 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED —Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 134. | 05/22/2015 | P-SA001933 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 135- | 06/05/2015 | P-SA001935-001936 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |

21

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 136. | 11/06/2015 | P-SA001938 | Stephanie Niemela | Janice Townsend; Dawn Mathison; Douglas Jenkins; Rebecca Christiansen | Bruce Torres; James Slaski; David Voldan | E-mail | REDACTED – Confidential communication providing info to corporate counsel for litigation | Attorney Client; Work Product |
| 137. | 11/06/20125 | P-SA001938 | Janice Townsend | Dawn Mathison; Douglas Jenkins; Rebecca Christiansen | Bruce Torres; Stephanie Niemela; James Slaski; David Voldan | E-mail | REDACTED – Confidential communication seeking corporate counsel's information for litigation records | Attorney Client; Work Product |
| 138. | 11/05/2015 | P-SA001939 | Dawn Mathison | Douglas Jenkins; Rebecca Christiansen | Janice Townsend; Bruce Torres; Stephanie Niemela; James Slaski; David Voldan | E-mail | REDACTED – Confidential communication with corporate counsel regarding litigation records | Attorney Client; Work Product |
| 139. | 11/05/2015 | P-SA001939 | Douglas Jenkins | Rebecca Christiansen; Dawn Mathison | Janice Townsend; Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 140. | 11/02/2015 | P-SA001940 | Janice Townsend | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 141. | 11/02/2015 | P-SA001941 | Douglas Jenkins | Janice Townsend | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |

22

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 142. | 10/28/2015 | P-SA001941 | Douglas Jenkins | Janice Townsend | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 143. | 10/23/2015 | P-SA001942 | Daniel Berglund | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication with client discussing draft pleadings and containing legal advice and opinions | Attorney Client; Work Product |
| 144. | 10/13/2015 | P-SA001943 | Daniel Berglund | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication with client containing legal advice and opinions in anticipation of litigation | Attorney Client; Work Product |
| 145. | 10/13/2015 | P-SA001943 | Douglas Jenkins | Daniel Berglund | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 146. | 10/12/2015 | P-SA001944 | Daniel Berglund | Douglas Jenkins; Bruce Torres; Stephanie Niemela | | E-mail | REDACTED – Confidential communication with client attaching drafts of pleadings and containing legal advice and opinions in anticipation of litigation | Attorney Client; Work Product |
| 147. | 10/05/2015 | P-SA001945 | Douglas Jenkins | Bruce Torres; Daniel Berglund; Stephanie Niemela | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 148. | 10/05/2015 | P-SA001945 | Bruce Torres | Douglas Jenkins; Daniel Berglund; Stephanie Niemela | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |

23

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 149. | 10/02/2015 | P-SA001945-001946 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 150. | 10/01/2015 | P-SA001946 | Daniel Berglund | Douglas Jenkins; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 151. | 10/01/2015 | P-SA001946 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 152. | 10/01/2015 | P-SA001947 | Daniel Berglund | Douglas Jenkins; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 153. | 10/01/2015 | P-SA001947 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 154. | 09/30/2015 | P-SA001947-001948 | Daniel Berglund | Stephanie Niemela; Bruce Torres; Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |

24

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 155. | 09/14/2015 | P-SA001948 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins | E-mail | REDACTED – Confidential communication from client to counsel requesting assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 156. | 11/06/2015 | P-SA001956 | James Slaski | Rebecca Christiansen; Dawn Mathison; Douglas Jenkins | Janice Townsend; Bruce Torres; Stephanie Niemela; David Voldan | E-mail | REDACTED – Confidential communications with corporate counsel regarding record retention in anticipation of litigation | Attorney Client; Work Product |
| 157. | 11/06/2015 | P-SA001956 | Rebecca Christiansen | Dawn Mathison; Douglas Jenkins | Janice Townsend; Bruce Torres; Stephanie Niemela; James Slaski ; David Voldan | E-mail | REDACTED – Confidential communications with corporate counsel regarding record retention in anticipation of litigation | Attorney Client; Work Product |
| 158. | 11/06/2015 | P-SA001957 | Dawn Mathison | Douglas Jenkins; Rebecca Christiansen | Janice Townsend; Bruce Torres; Stephanie Niemela; James Slaski; David Voldan | E-mail | REDACTED – Confidential communications with corporate counsel regarding record retention in anticipation of litigation | Attorney Client; Work Product |
| 159. | 11/05/2015 | P-SA001957 | Douglas Jenkins | Rebecca Christiansen; Dawn Mathison | Janice Townsend; Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 160. | 11/02/2015 | P-SA001958 | Janice Townsend | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 161. | 11/02/2015 | P-SA001959 | Douglas Jenkins | Janice Townsend | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 162. | 10/28/2015 | P-SA001959 | Douglas Jenkins | Janice Townsend | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding corporate counsel's instructions for retaining records for litigation | Attorney Client; Work Product |
| 163. | 10/23/2015 | P-SA001960 | Daniel Berglund | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication with client attaching drafts of pleadings and containing legal advice and opinions regarding premium dispute | Attorney Client; Work Product |
| 164. | 10/13/2015 | P-SA001960-001961 | Daniel Berglund | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication with client containing legal advice and opinions in anticipation of litigation regarding premium dispute | Attorney Client; Work Product |
| 165. | 10/13/2015 | P-SA001961 | Douglas Jenkins | Daniel Berglund | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice regarding premium dispute and strategy in anticipation of litigation | Attorney Client; Work Product |
| 166. | 10/12/2015 | P-SA001962 | Daniel Berglund | Douglas Jenkins; Bruce Torres; Stephanie Niemela | | E-mail | REDACTED – Confidential communication with client attaching drafts of pleadings and containing legal advice and opinions regarding premium dispute | Attorney Client; Work Product |

26

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 167. | 10/05/2015 | P-SA001963 | Douglas Jenkins | Bruce Torres; Daniel Berglund; Stephanie Niemela | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice regarding premium dispute and strategy in anticipation of litigation | Attorney Client; Work Product |
| 168. | 10/05/2015 | P-SA001963 | Bruce Torres | Douglas Jenkins; Daniel Berglund; Stephanie Niemela | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 169. | 10/02/2015 | P-SA001963 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice regarding premium dispute and strategy in anticipation of litigation | Attorney Client; Work Product |
| 170. | 10/01/2015 | P-SA001964 | Daniel Berglund | Douglas Jenkins; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 171. | 10/01/2015 | P-SA001964 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 172. | 10/01/2015 | P-SA001964 | Daniel Berglund | Douglas Jenkins; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |

27

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 173. | 10/01/2015 | P-SA001965 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 174. | 09/30/2015 | P-SA001965 | Daniel Berglund | Stephanie Niemela; Bruce Torres; Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 175. | 09/14/2015 | P-SA001966 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins | E-mail | REDACTED – Confidential communication from client to counsel requesting assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 176. | 11/05/2015 | P-SA001967 | Dawn Mathison | Douglas Jenkins; Rebecca Christiansen | Janice Townsend; Bruce Torres; Stephanie Niemela; James Slaski; David Volden | E-mail | REDACTED – Confidential communication with corporate counsel regarding retaining records for litigation | Attorney Client; Work Product |
| 177. | 11/05/2015 | P-SA001967 | Douglas Jenkins | Rebecca Christiansen; Dawn Mathison | Janice Townsend; Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding retaining records for litigation | Attorney Client; Work Product |
| 178. | 11/02/2015 | P-SA001968 | Janice Townsend | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding retaining records for litigation | Attorney Client; Work Product |
| 179. | 11/02/2015 | P-SA001969 | Douglas Jenkins | Janice Townsend | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding retaining records for litigation | Attorney Client; Work Product |
| 180. | 10/28/2015 | P-SA001969 | Douglas Jenkins | Janice Townsend | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication regarding retaining records for litigation | Attorney Client; Work Product |

28

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 181. | 10/23/2015 | P-SA001970 | Daniel Berglund | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication with client regarding draft pleadings and containing legal advice and opinions | Attorney Client; Work Product |
| 182. | 10/13/2015 | P-SA001970 | Daniel Berglund | Douglas Jenkins | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication with client containing legal advice and opinions in anticipation of litigation | Attorney Client; Work Product |
| 183. | 10/13/2015 | P-SA001971 | Douglas Jenkins | Daniel Berglund | Bruce Torres; Stephanie Niemela | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 184. | 10/12/2015 | P-SA001972 | Daniel Berglund | Douglas Jenkins; Bruce Torres; Stephanie Niemela | | E-mail | REDACTED – Confidential communication with client regarding draft pleadings and containing legal advice and opinions | Attorney Client; Work Product |
| 185. | 10/05/2015 | P-SA001973 | Douglas Jenkins | Bruce Torres; Daniel Berglund; Stephanie Niemela | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 186. | 10/05/2015 | P-SA001973 | Bruce Torres | Douglas Jenkins; Daniel Berglund; Stephanie Niemela | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 187. | 10/02/2015 | P-SA001973 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |

29

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS

PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 188. | 10/01/2015 | P-SA001974 | Daniel Berglund | Douglas Jenkins; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 189. | 10/01/2015 | P-SA001974 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 190. | 10/01/2015 | P-SA001974 | Daniel Berglund | Douglas Jenkins; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 191. | 10/01/2015 | P-SA001975 | Douglas Jenkins | Daniel Berglund; Stephanie Niemela; Bruce Torres | | E-mail | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 192. | 09/30/2015 | P-SA001975 | Daniel Berglund | Stephanie Niemela; Bruce Torres; Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 193. | 09/14/2015 | P-SA001976 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins | E-mail | REDACTED – Confidential communication from client to counsel requesting assessment of premium dispute in anticipation of litigation | Attorney Client; Work Product |

30

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 194. | 03/19/2013 | P-SA002021 | | | | Audit Recommendation | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute within audit recommendation | Attorney Client |
| 195. | 05/22/2015 | P-SA002112 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 196. | 07/22/2015 | P-SA002139 | Douglas Jenkins | Timothy Zepnick; Michelle McLane; Jason Losen | | E-mail | REDACTED – Confidential communication from HO legal in anticipation of litigation regarding retention of outside counsel | Attorney Client; Work Product |
| 197. | 07/22/2015 | P-SA002139 | Stephanie Niemela | Daniel Berglund | Douglas Jenkins; Bruce Torres | E-mail | REDACTED – Confidential communication with attorney regarding records for litigation in anticipation of litigation | Attorney Client; Work Product |
| 198. | 07/21/2015 | P-SA002140 | Bruce Torres | Stephanie Niemela | John Surprenant; Richard Norton; Lynda Sillner | E-mail | REDACTED – Confidential communication forwarding information for retained counsel in anticipation of litigation | Work Product |
| 199. | 07/01/2015 | P-SA002169 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 200. | 07/01/2015 | P-SA002169-002170 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |

31

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 201. | 06/30/2015 | P-SA002170 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 202. | 06/30/2015 | P-SA002170 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 203. | 07/01/2015 | P-SA002174 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 204. | 06/30/2015 | P-SA002174 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 205. | 06/30/2015 | P-SA002175 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 206. | 07/01/2015 | P-SA002179 | Douglas Jenkins | Bruce Torres; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 207. | 06/30/2015 | P-SA002179 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |

32

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 208. | 06/30/2015 | P-SA002179-002180 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 209. | 06/05/2015 | P-SA002183-002184 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy | Attorney Client |
| 210. | 05/22/2015 | P-SA002185 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 211. | 06/05/2015 | P-SA002187-002188 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 212. | 05/22/2015 | P-SA002192 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 213. | 05/22/2015 | P-SA002219 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy relating to premium dispute | Attorney Client |

33

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 214. | 05/22/2015 | P-SA002219 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 215. | 05/22/2015 | P-SA002223-0022224 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 216. | 06/22/2015 | P-SA002260 | Douglas Jenkins | Timothy Zepnick | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 217. | 06/22/2015 | P-SA002260 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 218. | 06/05/2015 | P-SA002261-002263 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy | Attorney Client |
| 219. | 05/22/2015 | P-SA002263 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |

34

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 220. | 06/22/2015 | P-SA002266 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 221. | 06/05/2015 | P-SA002266-002268 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy | Attorney Client |
| 222. | 05/22/2015 | P-SA002269 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 223. | 06/05/2015 | P-SA002271-002273 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 224. | 01/25/2016 | P-SA005943 | Douglas Jenkins | Rebecca Christiansen; Dawn Mathison | Timothy Zepnick; Linda Picha; Bruce Smith | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute and counsel's work product | Attorney Client; Work Product |
| 225. | 01/25/2016 | P-SA005943-005944 | Daniel Berglund | Douglas Jenkins | Meghan Rodda | E-mail | REDACTED – Confidential communication with client referencing litigation document for client's review | Attorney Client; Work Product |

35

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 226. | 01/18/2016 | P-SA005944 | Douglas Jenkins | Daniel Berglund | | E-mail | REDACTED – Confidential communication regarding corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute and counsel's work product | Attorney Client; Work Product |
| 227. | 01/16/2016 | P-SA005944-005945 | Daniel Berglund | Douglas Jenkins | | E-mail | REDACTED – Confidential communication with client regarding status of the case | Attorney Client; Work Product |
| 228. | 01/15/2016 | P-SA005945 | Douglas Jenkins | Daniel Berglund | | E-mail | REDACTED – Confidential communication with counsel regarding status of the case | Attorney Client; Work Product |
| 229. | 12/29/2015 | P-SA005946 | Douglas Jenkins | Daniel Berglund | | E-mail | REDACTED – Confidential communication with counsel regarding case law | Attorney Client; Work Product |
| 230. | 00/00/0000 | P-SA005947-005951 | Daniel Berglund | Douglas Jenkins | | | REDACTED – Draft of discovery created in anticipation of litigation | Work Product |
| 231. | | P-SA006122 | | | | Audit Recommendation | REDACTED – Confidential communication reflecting HO legal advice and analysis of premium dispute within audit recommendation | Attorney Client |
| 232. | 06/22/2015 | P-SA006274 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 233. | 06/05/2015 | P-SA006274-006276 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---------|-----------|-----------|------|-----|-----|----------|----------------|--------------|
| 234. | 05/22/2015 | P-SA006277 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 235. | 06/05/2015 | P-SA006279-006280 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 236. | 05/22/2015 | P-SA006282 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 237. | 07/09/2015 | P-SA006338 | Bruce Torres | Richard Norton; Curlette Alexander | | E-mail | REDACTED – Confidential communication forwarding information from HO legal in anticipation of litigation | Attorney Client; Work Product |
| 238. | 07/01/2015 | P-SA006340 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 239. | 07/01/2015 | P-SA006340-006341 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |

37

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 240. | 06/30/2015 | P-SA006341 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 241. | 06/30/2015 | P-SA006341 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 242. | 07/01/2015 | P-SA006345 | Douglas Jenkins | Bruce Torres; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 243. | 06/30/2015 | P-SA006345 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 244. | 06/30/2015 | P-SA006345-006346 | Douglas Jenkins | Curlette Alexannder; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 245. | 07/01/2015 | P-SA006349 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 246. | 07/01/2015 | P-SA006349-006350 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |

38

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 247. | 06/30/2015 | P-SA006350 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 248. | 06/30/2015 | P-SA006350 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 249. | 06/05/2015 | P-SA006356-006357 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 250. | 05/22/2015 | P-SA006358 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 251. | 06/05/2015 | P-SA006360-006361 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |
| 252. | 06/05/2015 | P-SA006362 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |

39

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 253. | 05/31/2015 | P-SA006363 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute | Attorney Client |
| 254. | 05/22/2015 | P-SA006363-006364 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 255. | 05/22/2015 | P-SA006366 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 256. | 05/22/2015 | P-SA006366 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 257. | 06/22/2015 | P-SA006369 | Douglas Jenkins | Timothy Zepnick | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 258. | 06/22/2015 | P-SA006369 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 259. | 06/05/2015 | P-SA006370-006372 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 260. | 05/22/2015 | P-SA006372 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 261. | 07/01/2015 | P-SA006380 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 262. | 07/01/2015 | P-SA006380-006381 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 263. | 06/30/2015 | P-SA006381 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 264. | 06/30/2015 | P-SA006381 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |

41

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 265. | 07/01/2015 | P-SA006413 | Jennifer Tracy | Douglas Jenkins | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 266. | 07/01/2015 | P-SA006413-006414 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 267. | 06/30/2015 | P-SA006414 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 268. | 06/30/2015 | P-SA006414 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 269. | 07/01/2015 | P-SA006418 | Douglas Jenkins | Jennifer Tracy | Timothy Zepnick; Bruce Torres; Curlette Alexander | E-mail | REDACTED – Confidential communication between attorneys within HO legal regarding outside counsel in anticipation of litigation | Attorney Client; Work Product |
| 270. | 06/30/2015 | P-SA006418 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 271. | 06/30/2015 | P-SA006418-006419 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 272. | 07/01/2015 | P-SA006423 | Douglas Jenkins | Bruce Torres; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 273. | 06/30/2015 | P-SA006423 | Bruce Torres | Douglas Jenkins; Curlette Alexander; Timothy Zepnick | | E-mail | REDACTED – Confidential communication regarding legal advice and strategy in anticipation of litigation | Attorney Client; Work Product |
| 274. | 06/30/2015 | P-SA006423-006424 | Douglas Jenkins | Curlette Alexander; Timothy Zepnick | Bruce Torres | E-mail | REDACTED – Confidential communication regarding corporate counsel's legal advice and analysis of premium dispute in anticipation of litigation | Attorney Client; Work Product |
| 275. | 06/05/2015 | P-SA006427-006428 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 276. | 05/22/2015 | P-SA006429 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 277. | 06/05/2015 | P-SA006431-006432 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |

43

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 278. | 05/22/2015 | P-SA006436 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 279. | 05/22/2015 | P-SA006463 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 280. | 05/22/2015 | P-SA006463 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 281. | 05/22/2015 | P-SA006467-006468 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 282. | 06/22/2015 | P-SA006504 | Douglas Jenkins | Timothy Zepnick | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication regarding HO legal advice and analysis of premium dispute | Attorney Client |
| 283. | 06/22/2015 | P-SA006504 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |

44

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 284. | 06/05/2015 | P-SA006505-006507 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 285. | 05/22/2015 | P-SA006507 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 286. | 06/22/2015 | P-SA006510 | Timothy Zepnick | Douglas Jenkins | Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 287. | 06/05/2015 | P-SA006510-006512 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | E-mail | REDACTED –Confidential communication regarding case status, legal advice and opinions and legal strategy regarding premium dispute | Attorney Client |
| 288. | 05/22/2015 | P-SA06513 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | E-mail | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 289. | 06/05/2015 | P-SA006515-006516 | Douglas Jenkins | Timothy Zepnick | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander; Stan Hiers | Westlaw Research | REDACTED – Document attached to 6/05/15 email from Jenkins to Zepnick and relied upon in Attorney's confidential communication with client, reflecting legal thoughts, mental impressions, and legal opinion | Attorney Client |

45

PEERLESS INDEMNITY INSURANCE COMPANY v. SUSHI AVENUE PEERLESS
PLAINTIFF'S AMENDED REDACTION LOG

| DOC NO. | DOC DATE. | BATES NO. | FROM | TO | CC | DOC TYPE | SUBJECT MATTER | PRIV CLAIMED |
|---|---|---|---|---|---|---|---|---|
| 290. | 05/22/2015 | P-SA006550 | Timothy Zepnick | Douglas Jenkins | Collin Becker; Laura Abraham; James Slaski; Curlette Alexander | Work Card | REDACTED – Confidential communication seeking HO legal advice and analysis of premium dispute | Attorney Client |
| 291. | 06/22/2015 | P-SA006551 | Timothy Zepnick | Douglas Jenkins | | Work Card | REDACTED – Confidential communication seeking corporate counsel's thoughts, mental impressions, legal advice and legal opinions regarding premium dispute | Attorney Client |
| 292. | 10/01/2015 | P-SA006552 | Douglas Jenkins | | | Work Card | REDACTED – Confidential internal attorney notes reflecting retention of outside counsel | Attorney Client; Work Product |
| 293. | 10/11/2015 | P-SA006552-006553 | Daniel Berglund | Douglas Jenkins | | Work Card | REDACTED – Confidential communication with client attaching drafts of pleadings and containing legal advice and opinions | Attorney Client; Work Product |
| 294. | 11/06/2015 | P-SA006553 | Janice Townsend | Douglas Jenkins | | Work Card | REDACTED – Confidential communication regarding litigation record retention | Attorney Client; Work Product |
| 295. | 11/24/2015 | P-SA006553-006554 | Daniel Berglund | Douglas Jenkins | | Work Card | REDACTED – Confidential communication between corporate counsel for client and counsel regarding legal advice and litigation strategy | Attorney Client; Work Product |

46

## Ann Fitzpatrick

**From:** Slaski, James
**Sent:** Wednesday, December 17, 2014 11:02 PM
**To:** Slaski, James
**Subject:** Sushi Avenue #2 email

**From:** Roy, Nicole
**Sent:** Thursday, September 04, 2014 10:44 AM
**To:** Mathison, Dawn; Slaski, James
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Hi Dawn. I have advised the agency of the situation and that their letter will not suffice merely telling us these individuals are all sole proprietors. She will be reaching out to you to ensure she understands what is required. If you would, also, please contact the insured again and advise them what you need. I have advised I have 30 days to hold their billing and there is urgency here.

Let me know how else I can get involved if you need me to push this.

**Nicole Roy, CPCU, AINS, INS, AU**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

> **From:** Mathison, Dawn
> **Sent:** Wednesday, September 03, 2014 8:52 AM
> **To:** Roy, Nicole; Slaski, James
> **Subject:** RE: SUSHI AVENUE INC WC 8948248
>
> Nicole,
> Here is the contract.   I should be back to the office by 2PM.   Any time after that would be fine.
>
> **Dawn Mathison, CPCU, AU, APA**
> Senior Premium Auditor
> Premium Audit Services
> Liberty Mutual Insurance
>
> W384 N7439 Cottonwood Ct.
> Oconomowoc, WI  53066
> Cell:  414-305-5739
> Fax:  866-809-7806
> dawn.mathison@libertymutual.com

> **From:** Roy, Nicole
> **Sent:** Wednesday, September 03, 2014 8:28 AM
> **To:** Slaski, James; Mathison, Dawn
> **Subject:** RE: SUSHI AVENUE INC WC 8948248

**EXHIBIT**

**3**

1

P-SA001745



**Nicole Roy, CPCU, AINS, INS, AU**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

---

**From:** Slaski, James
**Sent:** Tuesday, September 02, 2014 10:32 PM
**To:** Mathison, Dawn; Roy, Nicole
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Hi Dawn/Nicole – With all the information that you have provided, there is a definite employer/employee relationship and that would take precedent over any claim to be independent sole proprietors.  Too much control exercised by the Insured.  Dawn, you do a very nice job to point out quite a few reasons for supporting the employer/employee relationship.

If I read correctly, I thought Legal took a look at the contracts and agreed that there was significant direction & control by the insured?

*Jim Slaski – CPCU, APA, MBA*
Liberty Mutual Insurance
Audit Services - Field Audit Manager(AZ, CO, MN, NM, NV, UT, WI, WY)

---

**From:** Mathison, Dawn
**Sent:** Tuesday, September 02, 2014 5:26 PM
**To:** Roy, Nicole
**Cc:** Slaski, James
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Nicole,

If there is an Employer/Employee relationship, then they are not Sole Proprietors .    In reviewing the Employment Contract that they sign there were numerous signals of an employer / employee relationship.

Without doing any additional research I know that in IL they are required to carry Workers Compensation.  They had $2,365,683 in 1099 labor in IL.

Most do not have a Federal ID Number.  We have no idea if they file Self Employment Tax Returns

2

P-SA001746

## Ann Fitzpatrick

| | |
|---|---|
| **From:** | Slaski, James |
| **Sent:** | Wednesday, December 17, 2014 11:02 PM |
| **To:** | Slaski, James |
| **Subject:** | Sushi Avenue #2 email |

**From:** Roy, Nicole
**Sent:** Thursday, September 04, 2014 10:44 AM
**To:** Mathison, Dawn; Slaski, James
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Hi Dawn.  I have advised the agency of the situation and that their letter will not suffice merely telling us these individuals are all sole proprietors.  She will be reaching out to you to ensure she understands what is required.  If you would, also, please contact the insured again and advise them what you need.  I have advised I have 30 days to hold their billing and there is urgency here.

Let me know how else I can get involved if you need me to push this.


**Nicole Roy, CPCU, AINS, INS, AU**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

---

      **From:** Mathison, Dawn
      **Sent:** Wednesday, September 03, 2014 8:52 AM
      **To:** Roy, Nicole; Slaski, James
      **Subject:** RE: SUSHI AVENUE INC WC 8948248

      Nicole,
      Here is the contract.   I should be back to the office by 2PM.   Any time after that would be fine.

      **Dawn Mathison, CPCU, AU, APA**
      Senior Premium Auditor
      Premium Audit Services
      Liberty Mutual Insurance

      W384 N7439 Cottonwood Ct.
      Oconomowoc, WI  53066
      Cell:  414-305-5739
      Fax:  866-809-7806
      dawn.mathison@libertymutual.com

---

      **From:** Roy, Nicole
      **Sent:** Wednesday, September 03, 2014 8:28 AM
      **To:** Slaski, James; Mathison, Dawn
      **Subject:** RE: SUSHI AVENUE INC WC 8948248

P-SA001745



**Nicole Roy, CPCU, AINS, INS, AU**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

---

**From:** Slaski, James
**Sent:** Tuesday, September 02, 2014 10:32 PM
**To:** Mathison, Dawn; Roy, Nicole
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Hi Dawn/Nicole – With all the information that you have provided, there is a definite employer/employee relationship and that would take precedent over any claim to be independent sole proprietors.  Too much control exercised by the Insured.  Dawn, you do a very nice job to point out quite a few reasons for supporting the employer/employee relationship.

If I read correctly, I thought Legal took a look at the contracts and agreed that there was significant direction & control by the insured?

*Jim Slaski – CPCU, APA, MBA*
Liberty Mutual Insurance
Audit Services - Field Audit Manager(AZ, CO, MN, NM, NV, UT, WI, WY)

---

**From:** Mathison, Dawn
**Sent:** Tuesday, September 02, 2014 5:26 PM
**To:** Roy, Nicole
**Cc:** Slaski, James
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Nicole,

If there is an Employer/Employee relationship, then they are not Sole Proprietors .    In reviewing the Employment Contract that they sign there were numerous signals of an employer / employee relationship.

Without doing any additional research I know that in IL they are required to carry Workers Compensation.  They had $2,365,683 in 1099 labor in IL.

Most do not have a Federal ID Number.  We have no idea if they file Self Employment Tax Returns

2

P-SA001746

**Insured: SUSHI AVENUE INC**
**Audit Reason: Annual**

# HIGH PRIORITY

| | | |
|---|---|---|
| POLICY NUMBER: | WC_(14)8948248 | AGENCY NAME: HORNIG INSURANCE |
| INSURED: | SUSHI AVENUE INC | AGENCY CODE: 3222803 |
| ADDRESS: | 895 BLUE GENTIAN RD 6 | COMPANY: PEERLESS INDEMNIT |
| CITY/STATE: | SAINT PAUL, MN 55121 | |
| POLICY PER.: | 3/19/2013-3/19/2014 | AUDITOR: Mathison Dawn |
| AUDIT PER.: | 3/19/2013-3/19/2014 | AUDIT TYPE: PHYSICAL |
| | | AUDIT TIME: 5 Hours |

**AUDIT VISIT DATE: 4/2/2014**

## Summary of Exposure

SOURCE: MECC

**TOTAL EST. PREMIUM:**     41,709

| State | Code | WC Desc No. | Classification | Actual Exposure |
|---|---|---|---|---|
| **LOCATION** | 1526 E 55TH ST | | | |
| | CHICAGO | IL 60615 | | |
| **NAMED INSURED** | SUSHI AVENUE INC | ASIAN AVENUE | | |
| IL | 8031 | | STORE: MEAT, FISH OR POULTRY-RETAIL OTHERS | 2,365,683 |
| IL | 8031 | | STORE: MEAT, FISH OR POULTRY-RETAIL OTHERS | 0 |
| IL | 8742 | | SALESPERSONS OR COLLECTORS - OUTSIDE OTHERS | 0 |
| IL | 8742 | | SALESPERSONS OR COLLECTORS - OUTSIDE OTHERS | 0 |
| **LOCATION** | 1020 DIFFLEY RD | | | |
| | EAGAN | MN 55123 | | |
| **NAMED INSURED** | SUSHI AVENUE INC | ASIAN AVENUE | | |
| MN | 7380 | | DRIVERS, CHAUFFEURS AND THEIR HELPERS OTHERS | 0 |
| MN | 7380 | | DRIVERS, CHAUFFEURS AND THEIR HELPERS OTHERS | 0 |
| MN | 8031 | | STORE: MEAT, FISH OR POULTRY-RETAIL OTHERS | 6,341,556 |
| MN | 8031 | | STORE: MEAT, FISH OR POULTRY-RETAIL OTHERS | 0 |
| MN | 8742 | | SALESPERSONS, COLLECTORS OR MESSENGERS-OTHERS | 383,298 |
| MN | 8742 | | SALESPERSONS, COLLECTORS OR MESSENGERS-OTHERS | 93,184 |

**EXHIBIT**

**4**

Liberty Mutual Insurance
Insured: SUSHI AVENUE INC
Audit Reason: Annual

| | | | |
|---|---|---|---|
| MN | 8810 | CLERICAL OFFICE EMPLOYEES NOC<br>OTHERS | 0 |
| MN | 8810 | CLERICAL OFFICE EMPLOYEES NOC<br>OTHERS | 375,342 |
| MN | 9082 | RESTAURANT NOC<br>OTHERS | 298,412 |

**LOCATION**     5301 36TH AVE N
              CRYSTAL          MN 55422
      **NAMED INSURED**     SUSHI AVENUE INC      ASIAN AVENUE

| | | | |
|---|---|---|---|
| NY | 8031 | STORE: FISH, MEAT OR POULTRY-<br>RETAIL<br>OTHERS | 2,150,991 |
| NY | 8031 | STORE: FISH, MEAT OR POULTRY-<br>RETAIL<br>OTHERS | 0 |
| NY | 8742 | SALESPERSONS, COLLECTORS OR<br>MESSENGERS-<br>OTHERS | 0 |
| NY | 8742 | SALESPERSONS, COLLECTORS OR<br>MESSENGERS-<br>OTHERS | 0 |

**LOCATION**     690 MILLBROOK AVE
              RANDOLPH         NJ 07869
      **NAMED INSURED**     SUSHI AVENUE INC      ASIAN AVENUE

| | | | |
|---|---|---|---|
| NJ | 8031 | STORE: FISH, MEAT OR POULTRY-<br>RETAIL-<br>OTHERS | 1,520,568 |
| NJ | 8031 | STORE: FISH, MEAT OR POULTRY-<br>RETAIL-<br>OTHERS | 0 |
| NJ | 8742 | SALESPERSONS--OUTSIDE<br>OTHERS | 13,860 |
| NJ | 8742 | SALESPERSONS--OUTSIDE<br>OTHERS | 0 |

**LOCATION**     121 E CITY AVE
              BALA CYNWYD       PA 19004
      **NAMED INSURED**     SUSHI AVENUE INC      ASIAN AVENUE

| | | | |
|---|---|---|---|
| PA | 0897 | FAST-FOOD RESTAURANT<br>OTHERS | 845,936 |
| PA | 0897 | FAST-FOOD RESTAURANT<br>OTHERS | 0 |
| PA | 0951 | OUTSIDE SALES<br>OTHERS | 40,450 |

**Underwriter Alert**
The Classification 9082 was added during the audit to reflect the three restaurants the
insured has.
The Classification 0951 was added during the audit to reflect the Pennsylvania Regional
Supervisor


**Description of Operations**

The insured is a Corporation with multiple operations.
Primarily they are a sushi supplier to area grocery stores.   They will rent space from
the grocery store.  A chef will prepare and package the sushi for the grocery store
customers.    The insured pays a commission to the grocery store that they are located
in.   Their spaces can be found in Cub Foods and Super Valu grocery stores amongst
others.  All of their store sushi labor is done by Independent Contractors paid on a
1099.   They are paid a commission from the store sales and are required to purchase all
products from the insured.   The insured will deduct the cost of the materials from the
commissions  and pay the remaining to the Contractor.  Independent Contractors have a 13
Page Contract with the Insured that details how they will operate.   None have Proof of
Insurance.   The contract reflects an employer/employee relationship.   All have been
included under #8031.
Individual state addresses were not available for each one.  I separated the States that
were on the policy already and included the balance in MN #8031.

The insured has a department called DSD.   From 4/1/13 to 8/9/13 they operated under their
own FEIN number (26-2264701) as Sushi Ave. Catering Inc.   They prepare sushi in the
distribution center to be delivered to supermarkets and special events.    The food prep
employees are classified as #8031, while the drivers are included in #7380.   After
8/9/13, they were added into Sushi Avenue Inc. payroll.

Marketing employees do inside sales for their products and locations.

Regional Supervisors are responsible for visiting the stores to meet with the store owners
and insure the Contractor is meeting the terms of the contract.   They have been included
in #8742.

They also provide sushi to cafeterias and stores.   The sushi is prepared at their
corporate site, packaged, then delivered to the locations.

Lastly they have three restaurant locations.  123 Sushi has 1 location.  It is an
assembly line where the customer tells the preparer how they want their sushi made, what
they want on it, etc.  similar to a Subway Sandwich shop.   They other two locations are
restaurants in Malls.  They are called Masu Sushi and Robata.   The restaurants have
table service for their customers.   The restaurants are all in Minnesota.

Classifications
#8810 - Clerical Office Employees - Includes Accounting, Marketing, Receptionist, and VP
of Finance.
#8742 - Outside Sales - Includes the Regional Supervisors and two officers who spend the
majority of their time traveling.
#8031 - Store:  Meat, Fish or Poultry- Retail - Includes all Sushi Prep and Independent
Contractors that prepare and sell Sushi in the Supermarkets
#7380 - Drivers - NOC - Includes employees that deliver the Sushi that is prepped in the
distribution center to its final destination
#9082 - Restaurant NOC - Includes the employees for Masu Sushi and Robata
#0897 - Fast Food Restaurant - Includes Independent Contracts making Sushi in Pennsylvania

#0951 - Outside Salespersons - Includes the Regional Supervisor in Pennsylvania

AGENCY INC

Y INSURANCE COMPANY

**Est Exposure**

179

294

22,268

36,643

120,187

73,040

732,712

445,282

178,541

108,502

Policy Period: 3/19/2013-3/19/2014

CASE 0:15-cv-04112-ADM-DTS   Document 36   Filed 11/14/16   Page 66 of 125

Liberty Mutual Insurance

Policy: WC_(14) 8948248

Insured: SUSHI AVENUE INC

Audit Reason: Annual

322,909

531,347

0

0

0

28,014

17,024

32,207

19,573

1,306

794

3,089

1,878

0

Liberty Mutual Insurance
Insured: SUSHI AVENUE INC
Audit Reason: Annual

Audit Worksheet
**POLICY NUMBER:**    **WC_ 8948248**
**INSURED:**    **SUSHI AVENUE INC**
**ADDRESS:**    **895 BLUE GENTIAN RD 6**
**CITY/STATE:**    **SAINT PAUL, MN  55121**
**POLICY PER.:**    3/19/2013-3/19/2014
**AUDIT PER.:**    3/19/2013-3/19/2014

| Sushi Ave Inc Detail Name | Duty | Gross Wages Jan-Dec 13 | Gross Wages Jan-Mar 13 | Gross Wages Jan-Mar 14 | Total | Class |
|---|---|---|---|---|---|---|
| Stephen Kumji | Accounting | 55,000 | -12,000 | 12,000 | 55,000 | #8810 |
| Jun Liang | Accounting | 12,556 | | 8,146 | 20,702 | #8810 |
| Soe Than | Chef | 16,154 | -6,923 | | 9,231 | #8031 |
| DSD Prep | | 82,417 | | 38,715 | 121,132 | #8031 |
| DSD Drivers | | 94,317 | -5,890 | 41,083 | 129,510 | #8031 |
| DSD Mgr | | 7,827 | | 4,308 | 12,135 | #8031 |
| DSD Helper | | 543,039 | -147,499 | 88,124 | 483,664 | #8031 |
| Jillian Obrien | Marketing | 40,000 | -9,231 | 3,654 | 34,423 | #8810 |
| Tim Storey | Marketing | 47,501 | -10,548 | 11,086 | 48,039 | #8810 |
| Stephen Tomasini | Marketing | 81,364 | -19,826 | 19,240 | 80,778 | #8810 |
| Stacy Yang | Marketing | | | 2,019 | 2,019 | #8810 |
| Masu-Co | Restaurant Prep | 114,932 | -18,223 | 40,665 | 137,374 | #9083 |
| Thomas Rawitzer Jr | Restauran Mgr | 51,000 | -12,000 | | 39,000 | #9083 |
| Will Selin | Restauran Mgr | | | 1,538 | 1,538 | #9083 |
| Brent Sokup | Restauran Mgr | 50,000 | -11,538 | | 38,462 | #9083 |
| Daniel Spa | Restauran Mgr | 48,000 | -11,077 | 5,308 | 42,231 | #9083 |
| Khine Tun | Restauran Mgr | 45,000 | -10,385 | 5,192 | 39,807 | #9083 |
| Jennifer Holweger | Receptionist | 10,787 | -5,520 | | 5,267 | #8810 |
| Nicole Joyce | Receptionist | 3,520 | | 5,280 | 8,800 | #8810 |
| Richera Jun | Receptionist | 18,200 | -4,200 | 4,200 | 18,200 | #8810 |
| Erin Kolnberger | Accounting | 28,590 | -9,734 | | 18,856 | #8810 |
| Khin Myint | Helps for demo | 18,200 | -4,200 | 5,055 | 19,055 | #8742 |
| Lindsey Pederson | Receptionist | 2,304 | | | 2,304 | #8810 |
| Nay Hla | President | 415,169 | -118,382 | 87,492 | 384,279 | #8742 |
| Nay Lin | COO | 248,339 | -74,042 | 50,449 | 224,746 | #8810 |
| Moe Lwin | VP-Finance | 85,525 | -23,077 | 18,506 | 80,954 | #8810 |
| Mikko Chua | Regional Superviso | 37,419 | -8,674 | 9,063 | 37,808 | #8742 |
| Jason Collins | CA-Regional Super | 39,400 | -9,092 | 3,031 | 33,339 | CA-#8742 |
| Ryan Dumapi | NJ-Regional Super | 22,365 | -8,505 | | 13,860 | NJ-#8742 |
| Joshua Graehl | Regional Superviso | 12,429 | -8,382 | | 4,047 | #8742 |
| Terry Hong | Regional Superviso | 5,354 | | 8,569 | 13,923 | #8742 |
| Joshua Jiminez | CA-Regional Super | 14,977 | | 8,169 | 23,146 | CA-#8742 |
| Hyong Kim | VP-Oversees Regio | 63,534 | -14,136 | 16,635 | 66,033 | #8742 |
| Daniel Limburg | Regional Superviso | 36,578 | -8,262 | 8,497 | 36,813 | #8742 |
| Jordan Lisowski | Regional Superviso | 42,585 | -9,765 | 10,630 | 43,450 | #8742 |
| Joseph Meter | PA- regional supen | 40,450 | -9,335 | 9,335 | 40,450 | PA-#8742 |
| Andrew Sargent | Regional Superviso | 4,577 | | 7,923 | 12,500 | #8742 |
| Kyaw Win | TX | 14,215 | -7,754 | | 6,461 | TX-#8742 |
| Shipping | | 263,652 | -70,489 | 54,753 | 247,916 | #8031 |
| | | 2,717,276 | -668,689 | 588,665 | 2,637,252 | |

Marketing Materials, telephone stores to get leads
to put stores in.

DSD Helper Detail

| Row Labels | Sum of Total |
|---|---|
| MN | 346,444 |
| NJ | 34,969 |
| NY | 102,251 |
| **Grand Total** | **483,664** |

Prep for the sushi - cuts fish,
MN - works in the corp location
Out of state works in the stores making sushi

Audit Worksheet
**POLICY NUMBER: WC_ 8948248**
**INSURED:**    SUSHI AVENUE INC
**ADDRESS:**    895 BLUE GENTIAN RD 6
**CITY/STATE:**    SAINT PAUL, MN 55121
**POLICY PER.:**    3/19/2013-3/19/2014
**AUDIT PER.:**    3/19/2013-3/19/2014

DSD Helper Detail

| Name | State | Gross Wages Jan-Dec 13 | Gross Wages Jan-Mar 13 | Gross Wages Jan-Mar 14 | Total |
|---|---|---|---|---|---|
| Kyaw Aung | MN | 8,038 | | | 8,038 |
| Maung Aung | MN | 3,600 | -3,600 | | 0 |
| Tin Aung | NJ | 32,721 | -7,223 | 7,223 | 32,721 |
| U Aung | MN | 2,286 | -2,286 | | 0 |
| Zaw Aung | NY | 5,332 | | | 5,332 |
| Kyaw Aye | NY | 10,916 | | 6,212 | 17,128 |
| Van Hung | MN | | | 1,441 | 1,441 |
| Lay Clay | MN | 9,219 | -6,283 | | 2,936 |
| Nyi Pu Htun | NJ | | | 2,248 | 2,248 |
| Zin Htai | NY | 1,034 | -1,034 | | 0 |
| Min Khaing | MN | 11,356 | -6,837 | | 4,519 |
| Aung Khine | NY | 22,995 | | 7,066 | 30,061 |
| Khine Khine | NY | 17,860 | -6,255 | | 11,605 |
| Tou Khine | MN | 4,268 | -4,268 | | 0 |
| Maung Kyi | MN | 25,640 | -5,452 | 5,948 | 26,136 |
| Nway Lin | MN | 21,135 | -5,139 | | 15,996 |
| Khaing Lu | MN | 33,267 | -7,391 | 7,391 | 33,267 |
| Kho Lun | MN | 303 | | | 303 |
| Maung Lwin | MN | 1,706 | -1,706 | | 0 |
| Kyaw Maung | MN | 29,844 | -7,246 | | 22,598 |
| Salai Maung | MN | 2,123 | | | 2,123 |
| Than Maung | NY | 1,935 | -1,935 | | 0 |
| Soe Min | NY | 2,689 | -2,689 | | 0 |
| Khaing A Naing | MN | 30,128 | -6,283 | 6,837 | 30,682 |
| Khaing T Naing | MN | 29,566 | -6,837 | | 22,729 |
| Pa Nu | MN | 30,868 | -7,111 | 7,111 | 30,868 |
| Khin Oo | MN | 7,209 | -5,268 | 1,450 | 3,391 |
| U Ottama | MN | 2,283 | -2,283 | | 0 |
| Nai Phin | MN | | | 1,015 | 1,015 |
| Moo Say | MN | 2,880 | | | 2,880 |
| Aung Sein | MN | 6,270 | -6,271 | 1,015 | 1,014 |
| Maung Sein | NY | 4,889 | | 6,999 | 11,888 |
| Aung Soe | MN | 16,694 | -5,538 | | 11,156 |
| Htain Soe | NY | 1,341 | -1,341 | | 0 |
| Khaing Soe | MN | 21,943 | -7,111 | | 14,832 |
| Khaing Lin Thar | MN | 19,178 | | 6,837 | 26,015 |
| Kaung Thu | MN | 2,380 | -2,380 | | 0 |
| Moe Thu | MN | 17,916 | -8,361 | | 9,555 |

Prep for the sushi - cuts fish,
MN - works in the corp location
Out of state works in the stores making sushi

| Row Labels | Sum of Total |
|---|---|
| MN | 346,444 |
| NJ | 34,969 |
| NY | 102,251 |
| **Grand Total** | **483,664** |

Policy Period: 3/19/2013 to 3/19/2014          Hartford Insurance          Policy: WC_ (14) 8948248
Insured: SUSHI AVENUE INC
Audit Reason: Annual

| | | | | | |
|---|---|---|---|---|---|
| San Tun | MN | 28,467 | -6,283 | 6,283 | 28,467 |
| Sein Tun | MN | 24,030 | -6,283 | | 17,747 |
| Maung Win | MN | 23,323 | -1,447 | 6,860 | 28,736 |
| Ne Win | NY | 25,406 | -5,357 | 6,188 | 26,237 |
| | | 543,038 | -147,498 | 88,124 | 483,664 |

Policy Period: 3/19/2013-3/19/2014   CASE 0:15-cv-04112-ADM-DTS   Document 150-4   Filed 11/14/16   Page 70 of 125   Policy: WC_ (14) 8948248

Insured: SUSHI AVENUE INC
Audit Reason: Annual

Audit Worksheet
**POLICY NUMBER:** WC_ 8948248
**INSURED:** SUSHI AVENUE INC
**ADDRESS:** 895 BLUE GENTIAN RD 6
**CITY/STATE:** SAINT PAUL, MN  55121
**POLICY PER.:** 3/19/2013-3/19/2014
**AUDIT PER.:** 3/19/2013-3/19/2014

**1099's**

| Name | State | Compensation | 90% | | | |
|---|---|---|---|---|---|---|
| Pai Kue Hang | MN | 60,714 | 54,643 | Work on commissions | | |
| Naizaw Inc | MN | 106,164 | 95,548 | Works in Cubs, takes care of employment, work | | |
| Hjun Ju Jun | MN | 47,491 | 42,742 | | | |
| Nay Myo | IL | 499,994 | 449,995 | | | |
| Ma Khin Say Aye | MN | 293,448 | 264,103 | | **Row Labels** | **Sum of 90%** |
| Pau C Lin | IL | 291,865 | 262,679 | | CA | 1,281,479 |
| Bawikhar Tlang Mang | IN | 157,647 | 141,882 | | CT | 520,192 |
| Myat Thu | IL | 167,677 | 150,909 | | DE | 123,591 |
| Young Uk Lim | MN | 59,948 | 53,953 | | GA | 64,491 |
| Su Myat | MN | 84,809 | 76,328 | | IL | 2,365,683 |
| Than Than Aye | MN | 70,070 | 63,063 | | IN | 302,473 |
| Hee Ok Kim | MN | 38,256 | 34,430 | | KS | 7,637 |
| Win Naing | IL | 345,095 | 310,586 | | LA | 223,201 |
| Ting Khan Pau | IL | 204,237 | 183,813 | | MD | 268,607 |
| Maung Phiann | IL | 480,219 | 432,197 | | MI | 9,977 |
| Hla Tun | MN | 70,548 | 63,493 | | MN | 1,239,432 |
| A Tae | Mn | 39,821 | 35,839 | | NC | 34,880 |
| Nyi Nyi Soe Maung | MN | 26,024 | 23,422 | | NJ | 1,485,599 |
| Maung Nl Aung | MN | 12,599 | 11,339 | | NY | 2,048,740 |
| Thar Maung | MN | 71,567 | 64,410 | | PA | 845,936 |
| Tou Tou Khine | LA | 60,075 | 54,068 | | SC | 76,190 |
| Ma Nway | MN | 41,368 | 37,231 | | TN | 27,849 |
| Than Than Aye | MN | 31,552 | 28,397 | | UT | 1,094,945 |
| Myo Ko Ko Tin | IL | 158,538 | 142,684 | | VA | 23,099 |
| Ku Ku | MN | 16,327 | 14,694 | | WI | 5,202 |
| Lin Lin | MN | 4,463 | 4,017 | | **Grand Total** | **12,049,202** |
| Saw Myat Nan | MN | 4,463 | 4,017 | | | |
| Tun Nu Khine | Mn | 17,082 | 15,374 | | | |
| TNK Corpoation | NY | 107,867 | 97,080 Fed Id Number | | **To Sushi Avenue Inc Gross and Balance** | |
| Khin Thusar Moc | NY | 28,247 | 25,422 | | IL | 2,365,683 |
| Pye Sone | NY | 110,548 | 99,493 | | NJ | 1,485,599 |
| Maung Win Aung | PA | 87,157 | 78,441 | | NY | 2,048,740 |
| Ma Grace | PA | 87,157 | 78,441 | | PA | 845,936 |
| William Sanmyat Lin | NY | 246,209 | 221,588 | | MN | 5,303,244 |
| Sushi Bar at Acme Store | PA | 93,007 | 83,706 Fed Id Number | | | |
| Matt Nguntling | NJ | 44,587 | 40,128 | | Total | 12,049,202 |
| U Tun Hla | NY | 80,106 | 72,095 | | | |
| Khin San Lwin | NY | 63,927 | 57,534 | | | |
| Thi Thi | PA | 68,592 | 61,733 | | | |
| Thandar Sushi Inc | NY | 51,127 | 46,014 Fed Id Number | | | |

Policy Period: 3/19/2013 to 3/19/2014
CASE 0:15-cv-04112-ADM-DTS  Document 1-2  Filed 11/14/16  Page 71 of 125
Liberty Mutual Insurance
Insured: SUSHI AVENUE INC
Audit Reason: Annual
Policy: WC_ (14) 8948248

| | | | |
|---|---|---|---|
| Lwin Star Corp | NY | 137,644 | 123,880 Fed Id Number |
| Maung Thawn | NJ | 29,710 | 26,739 |
| U Tun Yin | PA | 109,660 | 98,694 |
| Myo Min Than | UT | 49,307 | 44,376 |
| La Ja | UT | 27,471 | 24,724 |
| Melanie Wong Chi | UT | 98,747 | 88,872 |
| Mawin Win Khine | UT | 57,227 | 51,504 |
| Win Maw | UT | 75,658 | 68,092 |
| Lwin Star Corp | NY | 74,418 | 66,976 Fed Id Number |
| Soe Aung Khaing | DE | 18,809 | 16,928 |
| Thomas Saw Yap | DE | 118,514 | 106,663 |
| Maung Aung Naing | NY | 71,508 | 64,357 |
| Aung than | NY | 94,221 | 84,799 |
| Bo Sitt Khine | NY | 123,847 | 111,462 |
| Kyaw Myo Oo | LA | 21,481 | 19,333 |
| Spring Sushi Inc. | NY | 146,543 | 131,889 Fed Id Number |
| Khin thida Win | PA | 116,055 | 104,450 |
| Zaw Htay | PA | 147,180 | 132,462 |
| Zaw Thura Aung | PA | 182,029 | 163,826 |
| Kejo | NY | 56,180 | 50,562 Fed Id Number |
| Than Than Htay | UT | 56,681 | 51,013 |
| Ye Win | NY | 162,724 | 146,452 |
| Mang Uk | UT | 195,580 | 176,022 |
| Minpop LLC | UT | 61,097 | 54,987 Fed Id Number |
| U Sandra Wara | UT | 72,690 | 65,421 |
| Myo Ko Ko Tin | IL | 42,082 | 37,874 |
| Kyaw Thu Ya Saw | UT | 35,725 | 32,153 |
| Loryn McClean | NY | 8,099 | 7,289 |
| Van Thawm zing | UT | 119,890 | 107,901 |
| Thein Moe | NY | 10,564 | 9,508 |
| Ceu Kung | UT | 110,014 | 99,013 |
| Naw | UT | 83,301 | 74,971 |
| Blak chin Par | UT | 54,336 | 48,902 |
| Lian Paw | UT | 35,098 | 31,588 |
| Htoo Myat Khaing | NJ | 36,881 | 33,193 |
| Maung Thern | UT | 43,652 | 39,287 |
| Tracy Kyaw | NY | 28,564 | 25,708 |
| Unreadable | UT | 24,263 | 21,837 |
| Maung T Oo | NY | 19,849 | 17,864 |
| Samuel Thang | UT | 14,559 | 13,103 |
| win Nyunt | UT | 1,310 | 1,179 |
| chit Sein | NJ | 158,921 | 143,029 |
| Maung Maung Thet | NY | 118,765 | 106,889 |
| Lwin Phyo Maung | NJ | 102,308 | 92,077 |
| Matt Nguntling | NJ | 12,897 | 11,607 |
| Tin Wut Yee | MD | 176,401 | 158,761 |
| nancy Mya Mya Saung | NJ | 120,843 | 108,759 |
| Aung Lin Kyu | NY | 43,322 | 38,990 |
| denny Nyeinchan Tun | NJ | 126,040 | 113,436 |
| U Hla Htay | NJ | 32,649 | 29,384 |
| Sekya | NJ | 300,735 | 270,662 |

| Name | State | Amount 1 | Amount 2 |
|---|---|---|---|
| Mya Than | NY | 125,696 | 113,126 |
| Nun Uk Oung | MD | 122,051 | 109,846 |
| Stacy Khinesu Oo | NJ | 126,028 | 113,425 |
| David Za Thuan | NJ | 233,038 | 209,734 |
| Saw Tha Gay | PA | 49,092 | 44,183 |
| Htoon Myat Khaing | NJ | 50,973 | 45,876 |
| Kyaw Kyaw Oo | NJ | 88,960 | 80,064 |
| Tun Lin | LA | 145,251 | 130,726 |
| Bawi Hu | NJ | 71,239 | 64,115 |
| soe Nyunt | NY | 54,104 | 48,694 |
| Khaing Saw Myat | NC | 38,755 | 34,880 |
| Tuan Hre Thla Ceu | IN | 46,748 | 42,073 |
| Matt Nguntling | NJ | 68,992 | 62,093 |
| Moe Timothy Kyaw hu | VA | 25,665 | 23,099 |
| Zarchi soe Naing | NJ | 35,920 | 32,328 |
| Tou tou Khine | LA | 16,549 | 14,894 |
| Soe Hlaing | NJ | 4,972 | 4,475 |
| Hnin Kyu | NJ | 4,972 | 4,475 |
| tuang Za Lian | LA | 2,432 | 2,189 |
| Khen Khup Thang | LA | 2,213 | 1,992 |
| Kaung Htet | IL | 157,766 | 141,989 |
| Yolanda Ohn Mar Mya | IL | 235,482 | 211,934 |
| Thein Nu | CT | 227,365 | 204,629 |
| Khin Mar cho | CA | 193,410 | 174,069 |
| Oo Saw Shwe | CT | 147,869 | 133,082 |
| Yun  Wei Su | CA | 185,420 | 166,878 |
| Kyaw Win | CA | 155,421 | 139,879 |
| Min Sabai | CA | 106,399 | 95,759 |
| Khine Mar Han | Ca | 100,498 | 90,448 |
| soe Than Ohn | MI | 5,543 | 4,989 |
| Khin Khin Win | MI | 5,543 | 4,989 |
| Khoon Kyi | CA | 35,076 | 31,568 |
| Van Lian Bawi | IN | 115,244 | 103,720 |
| Ta Lo Toe | MN | 42,975 | 38,678 |
| Mya Thida Win | CA | 111,421 | 100,279 |
| Maung Ja La | CA | 95,554 | 85,999 |
| Nay Lin | CT | 202,757 | 182,481 |
| Lin Ko Ko Pyone | CA | 167,738 | 150,964 |
| Za Nawl | SC | 84,656 | 76,190 |
| Kyaw Than | GA | 71,657 | 64,491 |
| ye Min Kyaw | CA | 51,187 | 46,068 |
| Min Thwe | CA | 60,134 | 54,121 |
| Maung Myo | MN | 43,100 | 38,790 |
| Bawi Uk Peng | CA | 119,986 | 107,987 |
| Salai Samuel | IN | 16,442 | 14,798 |
| Lah Clay | Mn | 124,026 | 111,623 |
| Nyi Nyi Soe Maung | MN | 57,200 | 51,480 |
| Zaw Tun Aung | CA | 24,701 | 22,231 |
| Soe Moe Naing | KS | 8,485 | 7,637 |
| Tual Sian Sum | IL | 25,519 | 22,967 |
| Than Tin Maung | TN | 30,943 | 27,849 |

| Langh Tuan Thang | IL | 17,703 | 15,933 |
| Moo Iweh Say | MN | 13,132 | 11,819 |
| Zaw Thein Oo | CA | 16,920 | 15,228 |
| U Suriya | WI | 5,780 | 5,202 |
| Kyint Le chwa | IL | 2,360 | 2,124 |
| MKS Sushi Inc | NY | 312,299 | 281,069 |
| total | | 13,388,002 | 12,049,203 |

Gross & Balance

**Sushi Avenue Catering Inc.**
**4/1/13 to 8/9/13**
**Operating under Sushi Ave Catering Inc.**
**Per Melissa at agency, this was reported under insureds policy also**

| Employee Name | Description | Class Code | Adjustments | Apr-Jun 13 | Jul-Aug 13 | OT @1.5 | Total | POT @1.5 | Gross | MN 8031 STORE: MEA Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Gross | | | | 117,646 | 47,837 | | 165,483 | | 165,483 | |
| | | | | | | | 0 | | | |
| Overtime | | | | | | 1,858 | 1,858 | | | |
| | | | | | | | 0 | | | |
| | | | | | | | 0 | | | |
| **Sub Totals** | | | | | | | | | 165,483 | 165,483 |
| **Total POT 1.5** | | | | | | 1,858 | | | | |
| | | | | | | | | | 0 | 0 |
| | | | | | | | | | 0 | 0 |
| | | | | | | | | | 0 | 0 |
| **Total Audited Exposures** | | | | | | | | | 165,483 | 165,483 |

### Verification Analysis

| Qtr. | Amount |
|---|---|
| 26-2264701 | |
| **2nd Quarter-2013** | 117,297 |
| **3rd Quarter-2013** | 47,837 |
| **Flex 125** | 349 |

| | |
|---|---|
| Total Verification: | 165,483 |
| Worksheet Gross Payroll: | 165,483 |
| Difference: | |

Policy Period: 3/19/2013-3/19/2014  
Insured: SUSHI AVENUE INC  
Audit Reason: Annual  
Policy: WC_ (14) 8948248

Gross & Balance

Sushi Avenue Inc.

| Employee Name | Description | Class Code | Adjustments | Apr-Mar 2014 | Total | Gross / Balance | MN 8031 STORE: MEA | MN 8810 CLERICAL O | MN 9082 RESTAURANT | MN 8742 SALESPERSO | MN 8742 SALESPERS O | NJ 8742 SALESPERS O | PA 0897 FAST-FOOD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross | | | | 2,637,252 | 2,637,252 | 2,637,252 | | | | | | | |
| Stephen Kumji | Accounting | MN_8810_ | | 55,000 | 55,000 | | | 55,000 | | | | | |
| Jun Liang | Accounting | MN_8810_ | | 20,702 | 20,702 | | | 20,702 | | | | | |
| Jillian Obrien | Marketing | MN_8810_ | | 34,423 | 34,423 | | | 34,423 | | | | | |
| Tim Storey | Marketing | MN_8810_ | | 48,039 | 48,039 | | | 48,039 | | | | | |
| Stephen Tomasini | Marketing | MN_8810_ | | 80,778 | 80,778 | | | 80,778 | | | | | |
| Stacy Yang | Marketing | MN_8810_ | | 2,019 | 2,019 | | | 2,019 | | | | | |
| Masu-Co | Restaurant Prep | MN_9082_ | | 137,374 | 137,374 | | | | 137,374 | | | | |
| Thomas Rawitzer Jr | Restaurant Mgr | MN_9082_ | | 39,000 | 39,000 | | | | 39,000 | | | | |
| Will Selin | Restaurant Mgr | MN_9082_ | | 1,538 | 1,538 | | | | 1,538 | | | | |
| Brent Sokup | Restaurant Mgr | MN_9082_ | | 38,462 | 38,462 | | | | 38,462 | | | | |
| Daniel Spa | Restaurant Mgr | MN_9082_ | | 42,231 | 42,231 | | | | 42,231 | | | | |
| Khine Tun | Restaurant Mgr | MN_9082_ | | 39,807 | 39,807 | | | | 39,807 | | | | |
| Jennifer Holweger | Receptionist | MN_8810_ | | 5,267 | 5,267 | | | 5,267 | | | | | |
| Nicole Joyce | Receptionist | MN_8810_ | | 8,800 | 8,800 | | | 8,800 | | | | | |
| Richera Jun | Receptionist | MN_8810_ | | 18,200 | 18,200 | | | 18,200 | | | | | |
| Erin Kolnberger | Receptionist | MN_8810_ | | 18,856 | 18,856 | | | 18,856 | | | | | |
| Khin Myint | Helps for demo | MN_8742_ | | 19,055 | 19,055 | | | | | 19,055 | | | |
| Lindsey Pederson | Receptionist | MN_8810_ | | 2,304 | 2,304 | | | 2,304 | | | | | |
| Nay Hla | President | MN_8742_ | Principal Include | 384,279 | 384,279 | | | | | | 384,279 | | |
| Nay Lin | COO | MN_8742_ | Principal Include | 224,746 | 224,746 | | | | | 224,746 | | | |
| Moe Lwin | VP-Finance | MN_8810_ | Principal Include | 80,954 | 80,954 | | | 80,954 | | | | | |
| Mikko Chua | Regional Supervisor | MN_8742_ | | 37,808 | 37,808 | | | | | 37,808 | | | |
| Jason Collins | CA-Regional Superv | MN_8742_ | | 33,339 | 33,339 | | | | | 33,339 | | | |
| Ryan Dumapi | NJ-Regional Superv | NJ_8742_L: | | 13,860 | 13,860 | | | | | | | 13,860 | |
| Joshua Graehl | Regional Supervisor | MN_8742_ | | 4,047 | 4,047 | | | | | 4,047 | | | |
| Terry Hong | Regional Supervisor | MN_8742_ | | 13,923 | 13,923 | | | | | 13,923 | | | |
| Joshua Jiminez | CA-Regional Superv | MN_8742_ | | 23,146 | 23,146 | | | | | 23,146 | | | |
| Hyong Kim | VP-Oversees Region | MN_8742_ | Principal Include | 66,033 | 66,033 | | | | | 66,033 | | | |
| Daniel Limburg | Regional Supervisor | MN_8742_ | | 36,813 | 36,813 | | | | | 36,813 | | | |
| Jordan Lisowski | Regional Supervisor | MN_8742_ | | 43,450 | 43,450 | | | | | 43,450 | | | |
| Joseph Meter | PA-Regional Superv | PA_0951_L | | 40,450 | 40,450 | | | | | | | | |
| Andrew Sargent | Regional Supervisor | MN_8742_ | | 12,500 | 12,500 | | | | | 12,500 | | | |
| DSD Prep | New Jersey | NJ_8031_L | | 34,969 | 34,969 | | | | | | | | |
| DSD Prep | New York | NY_8031_L | | 102,251 | 102,251 | | | | | | | | |

| NY | IL 8031 | NJ | PA |
|---|---|---|---|
| 8031 | STORE: | 8031 | 0951 |
| STORE: FIS | MEA | STORE: FIS | OUTSIDE SA |
| | | | 40,450 |
| | 34,969 | | |
| 102,251 | | | |

Policy Period: 3/19/2013 3/19/2014
Policy: WC_ (14) 8948248

Insured: SUSHI AVENUE INC
Audit Reason: Annual

| | | | | | 0 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sub Totals | | | | | 2,637,252 | 872,829 | 375,342 | 298,412 | 514,860 | 384,279 | 13,860 | 0 |
| Less Principal | | | 756,012 | 756,012 | (756,012) | 0 | (80,954) | | (290,779) | (384,279) | | |
| Principal at Max | | | | | 186,368 | | | | 93,184 | 93,184 | | |
| Principal at Actual | | | | | 146,987 | | 80,954 | | 66,033 | | | |
| | | | | | 0 | 0 | | | | | | |
| 1099 | IL | IL_8031_L1 | | 2,365,683 | 2,365,683 | 0 | | | | | | |
| 1099 | NJ | NJ_8031_L: | | 1,485,599 | 1,485,599 | 0 | | | | | | |
| 1099 | NY | NY_8031_L | | 2,048,740 | 2,048,740 | 0 | | | | | | |
| 1099 | PA | PA_0897_L | | 845,936 | 845,936 | 0 | | | | | | 845,936 |
| 1099 | MN | MN_8031_ | | 5,303,244 | 5,303,244 | 5,303,244 | | | | | | |
| | | | | | 0 | 0 | | | | | | |
| | | | | | 0 | 0 | | | | | | |
| Total Audited Exposures | | | | | 14,263,797 | 6,176,073 | 375,342 | 298,412 | 383,298 | 93,184 | 13,860 | 845,936 |

## Verification Analysis

| Qtr. | Amount |
|---|---|
| 20-051296 | |
| 2nd Quarter-2013 | 683,054 |
| 3rd Quarter-2013 | 590,019 |
| 4th Quarter-2013 | 748,338 |
| 1st Quarter-2014 | 588,665 |
| FH125-Dec YTD | 34,274 |
| FH125-March 2013  YTD | -7,098 |
| | |
| Total Verification: | 2,637,252 |
| Worksheet Gross Payroll: | 2,637,252 |
| Difference: | |

| 102,251 | 0 | 34,969 | | 40,450 |
|---|---|---|---|---|

|  | 2,365,683 | | | |
|  | | 1,485,599 | | |
| 2,048,740 | | | | |

| **2,150,991** | **2,365,683** | **1,520,568** | | **40,450** |

Entity is a Corporation

<div style="background-color:#FBC78B">**Officer Adjustments**</div>

| TITLE/NAME | SALARY | CODE | INCLUDED |
|---|---|---|---|
| PRESIDENT-NAY HLA<br>DUTIES: MARKETING | 384,279 | 8742 | 93,184 |
| VICE-PRESIDENT-HYONG KIM<br>DUTIES: OPERATIONS - TRAVELS TO THE GROCERY STORES TO<br>INSPECT, MAKES SURE THE FOOD SAFETY LAWS ARE BEING MET,<br>QUALITY | 66,033 | 8742 | 66,033 |
| VICE-PRESIDENT-NAY LIN<br>DUTIES: OPERATIONS - TRAVELS TO THE GROCERY STORES TO<br>INSPECT, MAKES SURE THE FOOD SAFETY LAWS ARE BEING MET,<br>QUALITY | 224,746 | 8742 | 93,184 |
| VICE-PRESIDENT-MOE LWIN<br>DUTIES: CONTROLLER | 80,954 | 8810 | 80,954 |

**Liberty Mutual Insurance**
**Insured: SUSHI AVENUE INC**
**Audit Reason: Annual**

**Records Reviewed**

PAYROLL JOURNAL

**Verification Records Reviewed**

1099 S (COMM.)
941 S.S. (QTR.)

**Information Received From:**

STEPHEN KUMJI
895 BLUE GENTIAN RD 6
SAINT PAUL, MN  55121
PHONE NO.: (952) 881-6601
EMAIL ADDR.: STEPHEN@SUSHIAVENUE.COM

**Summary Questions**

| | | |
|---|---|---|
| 1. | HAS THE LEGAL ENTITY, NAME OF ENTITY OR ADDRESS CHANGED? | NO |
| 2. | ALL ENTITIES AND/OR LOCATIONS INCLUDED? | YES |
| 3. | WERE ALL CLASS CODES ACCOUNTED FOR? | YES |
| 4. | WERE ANY BASIC CLASS CODES ADDED OR DELETED? | YES |
| 5. | WERE CLAIMS VERIFIED AND CLAIMS NOTIFIED OF ANY MIS-CLASSIFIED CLAIMS? | YES |
| 6. | ANY SUBCONTRACTORS OR CASUAL/CONTRACT OR LEASED LABOR USED?  INDEPENDENCE VERIFIED? | YES |
| 7. | IF SUBS USED, COIS ADEQUATE? | NO |
| 8. | DO EMPLOYEES RECEIVE OVERTIME, RECORDS REFLECT OVERTIME PAY? | NO |
| 9. | DOES THIS AUDIT REQUIRE REVIEW? | YES |
| 10. | ALL REMUNERATION SUCH AS PRETAX ITEMS, SEVERANCE, BONUSES, TIPS, HOUSING, ETC PROPERLY ACCOUNTED FOR? | YES |
| 11. | HAS AVERAGE NUMBER OF EMPLOYEES, BY LOCATION, BEEN SHOWN FOR AQS AND IMS AUDITS? | NA |
| 12. | THE AUDIT PERIOD IS WITHIN 15 DAYS OF THE POLICY PERIOD? | YES |
| 13. | ARE ALL ENDORSEMENTS ADDRESSED? | YES |
| 14. | ARE NEW OR CHANGES IN ENDORSEMENTS REQUIRED? | NO |
| 15. | RESOURCES SUCH AS INSPECTION REPORTS, MANUALS, WEBSITES, ETC. REVIEWED DURING AUDIT PROCESS? | YES |
| 16. | EXPOSURE VARIANCES +/- 20% EXPLAINED? | YES |
| 17. | WAS EXIT INTERVIEW CONDUCTED? (EXPLAIN IN COMMENTS. IF YES, WITH WHOM? IF NO, WHY NOT?) | YES |

## Notes

There was a > 20% exposure variance between audited and issued exposures due to: Inclusion
of Independent Contractors
Exit interview was conducted with Stephen Kumji.

## Audit Recommendation:

████████████████████████████████████████
████████████████        ██████████████████████
████████

Nicole discussed with the agent and advised them that we would give the insured 30 days to
get Proof of Insurance, or address why they weren't required to carry it in the State
they were located in.  Nothing was received.

At Nicole's request, I contacted the insured once again and advised that I would hold the
audit for two more weeks.  Nothing was received.

Total Independent Contractor labor was $13,388,002.   This is labor alone.   Cost of
materials is deducted prior to the payment.   I have included at 90% of amount paid.
Eight had Federal Id Numbers.

Contract can be located in CPF.

Underwriting Mgr Nicole Roy approved inclusion of subcontract labor based on the insured's
non-cooperation with our attempts to prove independent status.  She also approved
including any states not listed on the policy, under Minnesota, since unable to obtain
exact addresses.

Thank you for bringing this to my attention. I can see where there is concern for this account and would appreciate if you would hold off processing the audit at this time. I believe we need to consult our legal department on some of the items in the contract you sent me a copy of. This may take a week or two before we receive a response and I will be in touch with you on the account.

Could you please validate the insured has no certificates of insurance for work comp coverage? Your statement below says "to my knowledge" and I want to confirm prior to reaching out to legal. Also, if you have any other information or documents you feel would be useful as we consult the legal department please forward.

I would appreciate if you would "Reply All" to this email in your response.

Let me know if you have any questions.

Thank you,
**Catie Sebolt, CPCU, AU-M**
Commercial Lines Underwriter
**Liberty Mutual Insurance®**
1245 Jordan Creek Parkway
West Des Moines, IA 50266
Toll Free 1-800-747-7833 ext 81985
Direct (515) 471-3785
Catie.Sebolt@LibertyMutual.com

---

**From:** Mathison, Dawn
**Sent:** Friday, April 04, 2014 2:03 PM
**To:** Sebolt, Catie
**Subject:** Sushi Avenue WC 8948248

Hi Catie,

I am working on the audit for Sushi Avenue.   They apparently run the grocery store sushi throughout the country.   They lease the space in the grocery stores, then hire Independent Contractors to work it.   The Independent contractors prepare, package and display the sushi.   Customers pay for the sushi at the checkout.   The store pays the insured for the Sushi sold.   The insured pays the Contractor a commission, less anything the Contractor owes the insured for supplies.

After discussing with the other auditors in the region, we think there exists an Employee/Employer relationship between the Insured and their Contractors.  I've attached the contract that is signed with all the contractors and have highlighted the areas that jump out at me.

The contract specifies what hours & days the contractors are working

Sushi must be prepared, displayed and sold as the Contractor was trained by the Insured

They can only sell new items with the approval of the insured

Contractor agrees to work exclusively for the insured,

Contractor has a 5 year non compete within 50 miles upon termination of the contract – with or without cause – so basically

**EXHIBIT**

**5**

**Subject:** RE: Sushi Avenue WC 8948248

Are you free this afternoon?  Before I put together an email, I want to talk to you quickly about what I am thinking we do on this.

**Nicole Roy**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

---

**From:** Mathison, Dawn
**Sent:** Friday, May 30, 2014 11:28 AM
**To:** Roy, Nicole
**Subject:** RE: Sushi Avenue WC 8948248

I'm still holding this, right?

**Dawn Mathison, CPCU, AU, APA**
Senior Premium Auditor
Premium Audit Services
Liberty Mutual Insurance

W384 N7439 Cottonwood Ct.
Oconomowoc, WI  53066
Cell:  414-305-5739
Fax:  866-809-7806
dawn.mathison@libertymutual.com

---

**From:** Roy, Nicole
**Sent:** Thursday, May 08, 2014 12:00 PM
**To:** Mathison, Dawn; Sebolt, Catie
**Subject:** RE: Sushi Avenue WC 8948248

Hi Dawn.  I did receive info back from legal.  Will take me a couple of days to run through and be back with you.  just wanted to get you an update.

**Nicole Roy**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

---

**From:** Mathison, Dawn
**Sent:** Monday, April 28, 2014 12:39 PM
**To:** Sebolt, Catie
**Cc:** Roy, Nicole
**Subject:** FW: Sushi Avenue WC 8948248

We are still waiting to hear back from legal on this, correct?

---

**From:** Sebolt, Catie
**Sent:** Tuesday, April 08, 2014 12:07 PM
**To:** Mathison, Dawn
**Cc:** Roy, Nicole
**Subject:** RE: Sushi Avenue WC 8948248

Hi Dawn,

**EXHIBIT**

**6**

| | |
|---|---|
| **From:** | Slaski, James |
| **To:** | Mathison, Dawn |
| **Subject:** | RE: Sushi Avenue WC 8948248 |
| **Date:** | Tuesday, August 05, 2014 9:18:48 AM |

Hi Dawn – Thanks for sending before transmitting.  Agreed, based on the age, best to have this one right before sending off.

In your Excel File on the "Sushi Avenue Inc" tab, there is a circular reference on in Cell F54 that should be corrected.  It doesn't appear to affect any formulas, but should be fixed, regardless.

Just to avoid any questions on a QR review, on your "Audit Recommendation" section of the pdf, add that Underwriting Mgr Nicole Roy approved inclusion of subcontract labor based on the insured's non-cooperation with our attempts to prove independent status.  She also approved including any states not listed on the policy, under Minnesota, since unable to obtain exact addresses.

Looks good.  Then send off.

*Jim Slaski – CPCU, APA, MBA*
Liberty Mutual Insurance
Audit Services - Field Audit Manager(AZ, CO, MN, NM, NV, UT, WI, WY)

---

**From:** Mathison, Dawn
**Sent:** Monday, August 04, 2014 9:20 PM
**To:** Slaski, James
**Subject:** Sushi Avenue WC 8948248

I finally finished this.   It is the MN audit that had Independent Contractors making  Sushi in the Grocery stores.

 Nicole reviewed the contract for a couple of weeks, then we had to wait for Legal to review.
Then she gave the agent 30 days to get the insured to address the WC issue with the Independent Contractors.

Then she wanted me to contact the Insured one last time and hold it for two weeks.   So here we are 120+ days from when I did the audit .  (April 2)  I charged for $12,000,000 in 1099 labor.

I'm sure you will have this sent to you as an Large Additional Premium.   Do you want to review it on the front end – before it goes to processing?  Or wait till after.   I'm guessing there will be some legal involved at some point.

I've attached it as both a PDF and an Excel if you want to look at it.   Also attached the contract if you are interested.

If you want me to go ahead and send it in – let me know.   It's already to go.

**EXHIBIT**

_____7_____

P-SA000526



**Basic Manual--1996 Edition--PART ONE--RULES**

**RULE IX--SPECIAL CONDITIONS OR OPERATIONS AFFECTING COVERAGE AND PREMIUM**

**(Additional Rules: AL(A/R) , AR(A/R) , AZ , CT , CT(A/R) , DC , DC(A/R) , FL , HI , IA (A/R) , IN(A/R) , KS(A/R) , KY , MS(A/R), NC(A/R) , NH , NH(A/R) , NM(A/R) , OR , OR (A/R) , SC(A/R) , SD(A/R) , TN(A/R) , UT , VT(A/R) )**

---

*Revisions Effective Prior To 01 Jan 1998 12:00:01*

**C. SUBCONTRACTORS (Exceptions: AZ , CO , FL , LA , ME , MN , MO , OR , RI , TN , UT , WI )**

### 1. Law on Contractors and Subcontractors

Most workers compensation laws provide that a contractor is responsible for the payment of compensation benefits to employees of its uninsured subcontractors.

### 2. Coverage

This statutory responsibility is automatically insured by the Standard Policy issued to the contractor.

### 3. Premium for Uninsured Subcontractors

The contractor shall furnish satisfactory evidence that the subcontractor had workers compensation insurance in force covering the work performed for the contractor. For each subcontractor for which such evidence is not furnished, additional premium shall be charged on the policy that insured the contractor as follows:

a. The contractor shall provide a complete payroll record of the employees of each uninsured subcontractor. Premium on such payroll shall be based on the classifications that would have applied if the employees of the subcontractor had been employees of the contractor.

b. If the contractor does not supply the payroll records of its subcontractor, the full subcontract price of the work performed during the policy period by the subcontractor shall be established as the payroll of the subcontractor's employees. The additional premium shall be charged on that amount as payroll.

*Exception to 3.b. above*

If investigation on a specific job discloses that a definite amount of the subcontract price represents payroll, such amount shall be the payroll for the additional premium computation. In contracts for:

<div style="border:1px solid black; display:inline-block; padding:4px;">
**EXHIBIT**

**8**
</div>

P-SA006144

(1) mobile equipment with operators (such as but not limited to earth movers, graders, bulldozers, or log skidders), the payroll shall not be less than $33\frac{1}{3}\%$ of the subcontract price.

(2) labor and material, the payroll shall not be less than 50% of the subcontract price.

(3) labor only, the payroll shall be established as not less than 90% of the subcontract price.

c. If vehicles with drivers, chauffeurs, or helpers are engaged under contract and the owner of such vehicles has not furnished evidence that the workers compensation obligation has been insured, the total payroll of such drivers, chauffeurs, or helpers shall be included as payroll of the insured employer that contracted for such vehicles. Such payroll shall be assigned to the classification applicable in that risk to drivers. If that payroll cannot be obtained, $33\frac{1}{3}\%$ of the total contract price for the vehicles shall be considered as payroll of the drivers, chauffeurs, or helpers. If the owner of a vehicle under contract also is a driver and is entitled to workers compensation benefits and has not furnished evidence that such workers compensation obligation has been insured, $33\frac{1}{3}\%$ of the contract price for that vehicle shall be included as payroll of the insured employer that contracted for the vehicle.

When the contract price does not include the cost of fuel, maintenance, or other services provided to the owner or owner-operator of a vehicle under contract, the value of such goods and services shall be added to the contract price before determining the $33\frac{1}{3}\%$ amount.

d. If an experience modification has been established for the contractor, such experience modification shall be applied to the premium developed for the uninsured subcontractor.

## 4. Piecework

This rule on subcontractors does not apply to contracts for piecework. The entire amount paid to pieceworkers shall be the payroll, as provided in Rule V .

(c) 1997 National Council on Compensation Insurance, Inc.

P-SA006145



Basic Manual—1996 Edition—MINNESOTA

SPECIAL RULES

RULE IX—SPECIAL CONDITIONS OR OPERATIONS AFFECTING COVERAGE AND PREMIUM

Effective 07 Apr 1999 12:00:01

## C. SUBCONTRACTORS

3. **PREMIUMS FOR UNINSURED SUBCONTRACTORS**

c. If vehicles with drivers, chauffeurs or helpers are engaged under contract and the owner of such vehicles has not furnished evidence that the workers compensation obligation has been insured, the total payroll of such drivers, chauffeurs or helpers shall be included as payroll of the insured employer that contracted for such vehicles. Such payroll shall be assigned to the classification applicable in that risk to drivers. If that payroll cannot be obtained, 25% of the total contract price for the vehicles shall be considered as payroll of the drivers, chauffeurs or helpers. If the owner of a vehicle under contract also is a driver and is entitled to workers compensation benefits, 25% of the contract price for that vehicle shall be included as payroll of the insured employer that contracted for the vehicle.

When the contract price does not include the cost of fuel, maintenance, or other services provided to the owner or owner-operator of a vehicle under contract, the value of such goods and services shall be added to the contract price before determining the 25% amount.

P-SA006146

Section 7 – States Contractor cannot make Sushi or operate in business competitive with the insured for **5 years! Within 50 miles**  whether they were terminated for cause or not. Employees have Non Compete clauses – Not Independent Contractors

Section 8 – Contractor cannot hire anyone else to complete the terms of the contract.

Section 11 – Owner has access at all times to all books, records, correspondence, instructions, receipts, vouchers and memoranda of every description pertaining to the work done under this agreement.   **The Owner has access at all times to the contractors business records?\**

Sect 12  - Contractors agrees to maintain Workers Compensation Insurance to fully protect both Contractor and owner …   ***Not enforced, but acknowledges the need.***

Violations include
Absence without notice from the Sushi Bar
Reporting to Work Late and Leaving Early
Usage of Cell Phones while working is prohibited
Usage of the telephone provided in the work area for personal calls is prohibited.
Giving away goods free of charge or extra portions.

That reads like an Employee Handbook.

I don't see how they wouldn't be considered employee, but there are several states where they are required to carry WC regardless.

When I thought I was 2/3 of the way through I had 46 names.   But then there were 100 more.   It is hard to tell in a PDF file, but I didn't realize the significance of my understatement.

I don't know what we would need, since the contract states they have to carry WC and none of them do, and in light of the Employer/Employee Relationship issues shown above.

Jim, What are your thoughts?

**Dawn Mathison, CPCU, AU, APA**
Senior Premium Auditor
Premium Audit Services
Liberty Mutual Insurance

W384 N7439 Cottonwood Ct.
Oconomowoc, WI  53066
Cell:  414-305-5739
Fax:  866-809-7806
dawn.mathison@libertymutual.com

---

**From:** Roy, Nicole
**Sent:** Tuesday, September 02, 2014 4:32 PM
**To:** Mathison, Dawn
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Hi Dawn.  We are going to end up backing this out because I am awaiting response from the insured but frankly, the situation is these are all sole proprietors and not required to carry insurance coverage.  That being said, I noted you previously had received 2/3 of the 1099 recipient information but that seems to be light in consideration of the 1099 total labor figure at $12 mm.  What do you need for your file from the insured?  Please let me know.  I will be able to obtain any documentation needed.

EXHIBIT
9

P-SA001445

**Nicole Roy, CPCU, AINS, INS, AU**
Commercial Lines Underwriting Manager
Business Insurance
Liberty Mutual Insurance
701 Xenia Avenue South
Minneapolis, MN  55416
Direct Dial: 763-595-3020
Cell:  651-470-1442

---

**From:** Mathison, Dawn
**Sent:** Tuesday, August 26, 2014 9:23 AM
**To:** Roy, Nicole
**Subject:** RE: SUSHI AVENUE INC WC 8948248

Ouch.   The figures look correct.   They had 12 Million in 1099 labor.    I didn't realize it was
going to be that high either.   When I started the conversation with you I thought I had 2/3 of the
1099's entered and the tally was $4,700,000 – but the rest accumulated after I finished the
entry.

I could take out those that had Federal Id Numbers, but that would only be about 8 – it wouldn't
affect that much.

**Dawn Mathison, CPCU, AU, APA**
Senior Premium Auditor
Premium Audit Services
Liberty Mutual Insurance

W384 N7439 Cottonwood Ct.
Oconomowoc, WI  53066
Cell:  414-305-5739
Fax:  866-809-7806
dawn.mathison@libertymutual.com

---

**From:** Roy, Nicole
**Sent:** Tuesday, August 26, 2014 9:11 AM
**To:** Mathison, Dawn
**Subject:** Fwd: SUSHI AVENUE INC WC 8948248

Hi dawn.  Can you validate these figures are accurate?  I had no idea we would be charging
$400k ap.  we won't be able to collect it for sure.  Is this all correct?

Nicole Roy
651-470-1442

Begin forwarded message:

> **From:** "Neiheisel, Thomas" <THOMAS.NEIHEISEL@LibertyMutual.com>
> **Date:** August 26, 2014 at 8:58:59 AM CDT
> **To:** "Szalacinski, Jeffrey" <JEFFREY.SZALACINSKI@LibertyMutual.com>, "Addis,
> Mark" <MARK.ADDIS@LibertyMutual.com>, "Roy, Nicole"
> <NICOLE.ROY@LibertyMutual.com>
> **Subject:** FW: SUSHI AVENUE INC WC 8948248
>
> Firefighter Alert!   This is a huge AP.  Is the insured expecting this or
> possibly disputing?   **Approximately $400K**

P-SA001446

and administrative costs that the Contractor owes the owner.

Sushi Avenue rely' s on the contractors to pay the Store 30% of what they are paid?  What is the 30% for?  Doesn't the store compensate the Sushi Ave from the scanned sales – and take their cut at that point?

Why would Sushi Avenue include their 10% cut in the 1099's?

I'd have to see paper evidence of this.


I still feel there is significant Direction and Control.   Why not Certificates of Insurance?   If they have no employees, they can get a minimum premium policy.



**Dawn Mathison, CPCU, AU, APA**
Senior Premium Auditor
Premium Audit Services
Liberty Mutual Insurance

W384 N7439 Cottonwood Ct.
Oconomowoc, WI  53066
Cell:  414-305-5739
Fax:  866-809-7806
dawn.mathison@libertymutual.com

---

**From:** Melissa Marroquin [mailto:melissa@horniginsurance.com]
**Sent:** Wednesday, September 10, 2014 8:56 AM
**To:** Mathison, Dawn
**Cc:** Roy, Nicole
**Subject:** Re: Sushi Avenue

Hello!
I just got off the phone with the insured and this is what we discussed....
The amounts that are listed on the 1099's are the gross amount paid to each subcontractor that include payment for the following: 30% to the supermarket, 30% cost of supplies, 30% for the construction of the sushi, and 10% for the Sushi Ave cut.
He states that most are sole proprietors but that there may be a team where a family member also will construct the sushi.
He is willing to have each subcontractor sign a form where they each state exactly who performs the construction of the sushi and the relationship to the subcontractor.
Would this be sufficient?

Moving forward he would like to know what can be done, other than the purchase of a work comp policy by each subcontractor to avoid the inclusion of the subcontractors on the work comp policy.

Thank you!
Melissa

---

On September 5, 2014 02:11:40 PM CDT, "Mathison, Dawn" <DAWN.MATHISON@libertymutual.com> wrote:

Hi Melissa,

I did a great deal of research today as to what is needed in NY, IL and MN to relieve Sushi Avenue of the Employee/Employer status for their Independent Contractors.  I've attached supporting documents for each.

IL
The State of Illinois requires any contractor working in what they consider an Extra hazardous Occupation to carry Workers Compensation.   They can exclude themselves from the policy if they desire, but they are required to have a policy.  I've attached an explanation from IWCC along with a list of what is considered to be Extra Hazardous.  (almost anything other than clerical)
The IL Independent Contractors were paid amounts of $499,994; $345,095; $480,219 and $345, 095

**EXHIBIT**

**10**

to name a few.   They definitely have employees.

**IL Contractors need a Workers Compensation policy**.

New York
I've attached a document from the Construction Industry Fair Play Act.  In the section Identifying
Independent Contractors in Non Construction Industries I found 7 factors that would not support an
Independent Contractor ruling over an Employee.
One is a Federal ID number, and another is a General Liability Insurance Policy or Workers
Compensation Policy if appropriate.   Several of the NY entities were compensated in an amount that
would indicate they have employees.   Several already have Federal ID numbers.

MN –
I discussed this with the State Department of Labor and Industry.   Under the Minnesota Administrative
Rules – General Criteria for Non Construction, Rule 5224.0330 and Rule 5224.0340 provide the
criteria.   I've indicated where the insured stands on each point.
On the Control of Method, there is indication of Control on 9 of the 14 points.
On Factors to Consider they would be considered Employees on 6 out of 8 points.

Also Statute 176.215 states that Where a Subcontractor fails to comply with the Workers
Compensation requirement, the General Contractor (Sushi Ave) is liable for payment of all
compensation due an employee.


The Employment Contract provides such a strict amount of control that even if they had a Federal ID
number, they could be considered an employee.
Most of them are paid amounts that would indicate they had helpers/employees.

**We need Workers Compensation policies for those that had employees – probably anyone
earning over $50,000 – since the 1099's are just for labor I think that is a fair amount – and
Federal ID numbers for everyone else.**

I did not research NJ, but would expect the criteria to be about the same.


**Dawn Mathison, CPCU, AU, APA**
Senior Premium Auditor
Premium Audit Services
Liberty Mutual Insurance

W384 N7439 Cottonwood Ct.
Oconomowoc, WI  53066
Cell:  414-305-5739
Fax:  866-809-7806
dawn.mathison@libertymutual.com


Hornig Insurance Agency
Network Insurance Agency
3455 Dakota Ave

St. Louis Park, MN 55416

Phone: 952-653-1800

Fax: 952-653-1804

**\*\*\*Did you know that we have many life and disability products available?\*\*\***

For a quick easy term life insurance quote go to: http://networklife.rbrokers.life.aq2e.com/

Hornig Insurance Agency

Network Insurance Agency

3455 Dakota Ave

St. Louis Park, MN 55416

Phone: 952-653-1800

Fax: 952-653-1804

**\*\*\*Did you know that we have many life and disability products available?\*\*\***

For a quick easy term life insurance quote go to: http://networklife.rbrokers.life.aq2e.com/

Hornig Insurance Agency

Network Insurance Agency

3455 Dakota Ave

St. Louis Park, MN 55416

Phone: 952-653-1800

Fax: 952-653-1804

**\*\*\*Did you know that we have many life and disability products available?\*\*\***

For a quick easy term life insurance quote go to: http://networklife.rbrokers.life.aq2e.com/

P-SA000351

**From:** Abraham, Laura
**To:** Zepnick, Timothy; Slaski, James; Mathison, Dawn; Christiansen, Rebecca L
**Subject:** RE: Action Needed - Premium Audit Notification -Sushi Avenue WC 8948248
**Date:** Wednesday, April 01, 2015 3:37:15 PM

The relationship is intact. We communicated well with this agency from the beginning and they fully understood what we needed to do. This is really a small business producer for us – with respects to the agency. I have been monitoring activity flow and do notice our activity continues to be consistent.

I have no issue with Dawn's recommendation.

Laura

---

**From:** Zepnick, Timothy
**Sent:** Wednesday, April 01, 2015 3:31 PM
**To:** Slaski, James; Mathison, Dawn; Christiansen, Rebecca L; Abraham, Laura
**Subject:** RE: Action Needed - Premium Audit Notification -Sushi Avenue WC 8948248

Becca/Laura – Do either of you have any issues with proceeding per Dawn's recommendation?  I do not believe that they have paid the '13-'14 audit premium.  I'm fine with proceeding as nonproductive, but would like your input as well.  How much inforce do we have with this agency and how will this potentially impact our relationship with the agency?

---

**From:** Slaski, James
**Sent:** Wednesday, April 01, 2015 11:15 AM
**To:** Mathison, Dawn; Christiansen, Rebecca L; Zepnick, Timothy
**Subject:** RE: Action Needed - Premium Audit Notification -Sushi Avenue WC 8948248

Hi Tim – I wanted to keep you in the loop.  Per below, Sushi has not cooperated with the latest audit request.

*Jim Slaski – CPCU, APA, MBA*
Liberty Mutual Insurance
Audit Services - Field Audit Manager(AZ, CO, MN, NM, NV, UT, WI, WY)

---

**From:** Mathison, Dawn
**Sent:** Wednesday, April 01, 2015 10:04 AM
**To:** Christiansen, Rebecca L
**Cc:** Slaski, James
**Subject:** Action Needed - Premium Audit Notification -Sushi Avenue WC 8948248

## Premium Audit Notification

Our recent premium audit alerted us of a situation that requires resolution prior to completing the audit.  Please respond **within 2 business days** so we can proceed with the audit.

Insured Name:  Sushi Avenue Inc.
Policy Number:  WC 8948248
Policy Term:  3/19/2014 – 2/15/2015
Premium Impact $300,000ish

**Comments:**
**I have the Cancellation audit to complete on Sushi Avenue.   The insured and the agent have not responded to my attempts.**
**I left a voice mail and sent an email to Steven Kumji on Friday, March 6 and Tuesday, March 17.**

**I left a voice mail for Melissa at Hornig Insurance Agency on Monday, March 23 asking for help in obtaining the audit.   Neither has responded to my calls or emails.**

**I would like to submit this as unproductive.   The usual practice is to prorate the cancellation audit to last years audit figures.  Last years audit resulted in $389,000 Additional Premium.**

**Is it OK to submit the audit as Non Productive and pro rate the audit?**

I am available to discuss audit findings with you either by phone or through email. Please contact me if you have any questions.

Sincerely,


**Dawn Mathison, CPCU, AU, APA**
Senior Premium Auditor
Premium Audit Services
Liberty Mutual Insurance

W384 N7439 Cottonwood Ct.
Oconomowoc, WI  53066
Cell:  414-305-5739
Fax:  866-809-7806
dawn.mathison@libertymutual.com

---

**EXHIBIT**

**11**

P-SA000624

**From:**            Norton, Richard
**Sent:**            Thursday, May 14, 2015 2:20 PM
**To:**              Alexander, Curlette
**Cc:**              Torres, Bruce
**Subject:**         5336789 $376,200.96

Hi Curlette, this account was assigned on the 6th of this month. We have no response to the first dunning letter. If you have capacity I would for you to attempt recovery.

If you accept please do a complete work up on this. How did the balance develop? Pull a D&B lets see the condition of the debtor. Who are the officers? What is the Sec of State report? Any other info you find you feel is relevant.

Please set up a meeting to review with Bruce and me when you have the info ready to go.

This is one of those one off accounts. The assignment is on the KUL desk. If we find the debtor is not BK or going out of business but is a viable company I'll change to your desk so that it comes up for regular review in your campaign.

Thanks,

**Richard Norton**
Assistant Manager
Collections
Liberty Mutual Insurance
PO Box 2050
Keene, NH 03431
603-358-0206

EXHIBIT

12

P-SA000987

**From:** Melissa Marroquin [mailto:melissa@horniginsurance.com]
**Sent:** Tuesday, May 19, 2015 10:57 AM
**To:** Abraham, Laura
**Subject:** Sushi Ave Inc WC8948248

Hello Laura!

The insured contacted me yesterday regarding the collections activity for the work comp premium resulting from the work comp audit conducted on this insured.

I received permission from the insured to forward Liberty Mutual the information contained below.  Minnesota Unemployment/Department of Labor did find in favor of the insured that the subcontractors are properly classified.

We are hoping that the company will review this information as the insured continues to dispute the results of the work comp audit.

We continue to appreciate your consideration and attention with regard to this matter.

Thank you so much!

Melissa

Thanks,

Nay

Hornig Insurance Agency
Network Insurance Agency
3455 Dakota Ave
St. Louis Park, MN 55416
Phone: 952-653-1800
Fax: 952-653-1804

Cyber Liability Coverage is now available! Find out if you are at risk for a breach: https://databreachcalculator.com

**\*\*\*Did you know that we have many life and disability products available?\*\*\***
For a quick easy term life insurance quote go to: http://networklife.rbrokers.life.aq2e.com/

**Cyber Liability Coverage** is now available! Find out if you are at risk: https://databreachcalculator.com

EXHIBIT

13

P-SA000884



ACCOUNTING • TAX • ADVISORY SERVICES

www.JMSCfuturity.com

**Moving People
and
Business Forward**

May 19, 2015

RE:   Sushi Avenue, Inc.
       Independent Contractors

Dear Sir or Madam,

We are the accounting firm for Sushi Avenue, Inc. and have been since 2004. The issue you are raising on the independent contractors was audited by Minnesota Department of Revenue and the Minnesota Department of Revenue found the independent contractors were properly classified. All of the facts and circumstances with the independent contractors are the same since the audit.

I have attached 3 documents. One is the audit result letter from the Minnesota Department of Revenue stating there was no change in how the treatment of independent contractors. The 2nd is a letter from Haag Law Offices, PA that highlights the legal analysis and the 3rd is a letter from Cavanaugh & Co, PA (I merged my practice with JMSC) where I address various issues raised by the state auditors.

Minnesota, as do all states, follows the IRS laws and regulations as to determining the classification of independent contractors. As you can see from the attached documents, this issue has already been audited and determined that Sushi Avenue, Inc. independent contractors are all properly classified.

If you are taking a positon contrary to Sushi Avenue, Inc. and the Minnesota Department of Revenue, please provide us the basis for position.

Sincerely,

Daniel C. Cavanaugh, CPA
cc      Michael Haag

# HAAG LAW OFFICES, P.A.

2140 4th Avenue North  Anoka, MN 55303
Direct Line: (763) 421-6515   Fax: (763) 427-7136
Email:  mhaag@haag-law.net

**MICHAEL P. HAAG, ESQ**
Attorney at Law

December 17, 2010

Minnesota Revenue
Jonie Beckman
Withholding Tax Division
Mail Station 6501
St. Paul, MN  55146-6501

RE:    Sushi Avenue, Inc.
       MN ID 6792590

Dear Ms. Beckman,

We respectfully submit this letter on behalf of the above-mentioned taxpayer in further
support of the position taken in Dan Cavanaugh's, CPA recent letter.  Enclosed is a
signed Power of Attorney.

## INTRODUCTION

As stated in Mr. Cavanaugh's letter, we disagree with the tentative Consent to Change in
Tax Liability, and we believe that the independent contractors of Sushi Avenue, Inc. are
properly classified.  The purpose of this letter is not to reiterate Mr. Cavanaugh's
arguments, but rather to provide more of a legal framework around the facts in question,
and provide an analysis in light of the prevailing laws on the classification of independent
contractors versus employees.

## FACTS

Sushi Avenue, Inc. ("SA") contracts with the supermarkets through the United States and
in Canada to be able to place sushi kiosks within the supermarket and then it contracts
with various individuals and business entities ("Contractors") to operate the kiosks.  SA
has in excess of 130 locations in over 14 states with 31 MN locations.  SA sells raw sushi
indgredients to contractors who then in turn prepare, assemble and sell the sushi products
at the supermarkets for a profit.  Even if a Contactor buys their ingredients elsewhere, SA
also makes a profit on each sale; in essence a commission from the supermarket.  SA has
developed criteria and requirements that are imposed on the Contractors.  Most of these
criteria and requirements are dictated by law but never-the-less are specified in the
Contractor's Independent Contractor Contract.  For instance, in order to obtain a store or
multiple store locations, the Contractor must be Food Manager Certified.  This is a
certification and license issued by the state of Minnesota.  Without this license, a
Contractor is not qualified to open a store location.  It is the Contractor's responsibility to
obtain and maintain this certification.  SA has a side business that helps them with this,
by offering various trainings and presentations, but it is ultimately the Contractor's

1

P-SA000886

choice to attend the classes offered by SA, and it is their responsibility to keep their certification current.   If the Contractor chooses to attend any of these trainings or updates, they are responsible for their costs of doing so.

Other things that SA requires of the Contractors are dictated by both law and by the supermarkets.  For example, the Minnesota Health Inspector's office performs surprise audits of each Contractor location two to three times per month.  If the quality of the food is such that it would not comply with the state's health code, it could jeopardize the supermarket's business license.  Accordingly, the supermarkets require that SA keeps its food products up to code, and SA then passes this requirement on to its Contractors. Because of the importance of this requirement, SA's regional mangers may visit Contractors to ensure compliance with food safety laws and that the Contractor is not in breach of their contract.

In order for SA's business model to be successful, it has to ensure that its Contractors are operating in an acceptable manner.  This means, at a bare minimum, that the Contractors should abide by all laws and contract provisions in their operations.  But additionally, the Contractors need to ensure that the kiosks are operating during contracted business hours, they need to be working well with customers and the supermarkets, and they need to be providing food products that are consistent with other Contractors who are operating under the Sushi Avenue, Asian Avenue or store brand.  In order to be sure that the Contractors are satisfying these requirements, SA maintains a certain amount of contact with the Contractors, and will offer support as needed.  However, it is ultimately the Contractor's responsibility to see that these requirements are met.

As mentioned, it is the Contractor's responsibility to be sure that the kiosks are being manned during contracted business hours.  It is the Contractor's responsibility to take care of this by whatever acceptable means they choose.  A typical kiosk location is contractually required to be open and staffed for 12 hours per pay, 7 days per week, 52 weeks per year or 84 hours per week.  In addition, a Contractor could easily have another 10 to 15 hours per week in inventory control, food ordering, daily set-up, daily clean-up, managing their staff and other administrative duties.  This puts the total weekly hours for a typical kiosk location around 100 hours per week.  Many of the Contractors will work the kiosks themselves, but clearly it is practically impossible for one contractor to work approximately 100 hours per week, 52 weeks per year.  We estimate that a typical kiosk location needs 3 staff people to function properly as given the hours of operation, it is unlikely 2 full time sushi preparers could cover the contracted hours without the Contractor having to pay overtime, thus reducing profits, or have capacity to cover vacations, holidays and illness of their staff.  A logical Contractor model would equate to the Contractor hiring 2 staff people for 30 to 40 hours per week and then the Contractor themselves working the remaining hours, covering for staff vacation and sick time and performing all other administrative duties.  How a Contractor covers the hours of operation or other responsibilities is of no concern to SA.  All SA cares about is that they are open for business during contracted hours.

2

P-SA000887

The Contractors are also responsible for purchasing the product they prepare and sell at the SA locations. They can purchase this directly from SA, but they are not required to do so. Contractors will often choose to purchase certain items from SA, but will then supplement with things that they purchase from the supermarket within which they are placed or from other sources

Whether a Contractor chooses to purchase product from SA, or from another source and how many workers they hire and at what pay rate to operate the kiosks is soly determined by the Contractor. These decisions are business decisions that ultimately affect how much profit they can make through their business with SA. The Contractor is also required to purchase its own equipment, uniforms, and advertising within the stores and it is free to do so in whatever way they find to be most efficient. Again, it is of no consequence to SA as long as the Contractor is meeting the basic requirements mentioned above.

The contracts made with the Contractors are made on a case by case basis. The commissions and other terms are negotiated based on the location, how many locations, experience, and etc. It is an entirely arm's length negotiation, where it is ultimately two business owners negotiating the profits that can come from a location. In order to keep the Contractors content, SA often allows a six month trial period, after which time the parties can revisit the commission rate.

## LEGAL ANALYSIS

At issue in this case is whether the Contractors engaged by SA are properly classified as independent contractors, or whether they should be classified as statutory or common law employees. This classification issue has been the subject of a multitude of litigation and other tax controversy that has created various common law tests. As a result, for every authority that supports the independent contractor classification, there is often an authority that would support an employee classification in the same case.

In the case at hand, the Department has pointed out some factors that could be construed to support the employee classification. For instance, it was noted that certain individuals had been classified as employees of SA even though their duties were similar to those of the independent contractors, and that some individuals had changed their status from employee to independent contractor. As noted in Mr. Cavanaugh's previous letter, the duties of these individuals in question are drastically different compared to Contractor and vise-versa. We stipulate that these facts have been used by some courts to support the employer/employee classification. In those cases, however, it was one of many facts put together by the court to make the determination. It can never be looked at irrespective of the other facts at hand, because although there have been many attempts to try to boil down the employee/independent contractor dispute to a clear bright line test, courts continue to find that fact patters are too varied to have a "one size fits all" test.[1]

---

[1] We note that the Department did look at another of other factors in this case to support the employee classification, but because of a misunderstanding of the facts at hand, these factors were misinterpreted against the laws. So taken together, we believe the agent is operating under misunderstood facts and consequently, a misunderstanding of how to apply the laws.

3

P-SA000888

For almost half a century, the IRS and courts tried to rely on a 20 factor common law test for classifying workers. But again, fact patterns proved too elusive, and the changing economy further complicated things. By 1996 even the IRS admitted that the 20 factors listed in Rev. Rul. 87-41 "are not the only ones that may be important."[2] Examining agents are now urged to look at categories of evidence, which the IRS divides into three areas: behavioral control, financial control, and relationship of the parties.[3] This is done, as stated by the Supreme Court in *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318 (1992), with the ultimate goal of determining whether the "employer," as the principal, has the "right to direct and control" the worker. In *Darden*, the Court noted that in a classification dispute, the common law factors should be applied with an eye to agency law. In making this determination, the Court invalidated the definition of "employee" created by the Court in *U.S. v. Silk*, 331 U.S. 704 (1947), a case cited by the Department as authority in this matter.

So although certain facts in this case can be taken out of context to support a reclassification from independent contractor to employee, this is not the proper analysis. No court would agree with such analysis. Instead, we need to look at all of the pertinent facts in light of the 20 factor common law test and any other case law that would aide in the determination. This needs to be done in light of the *Darden* case and it progeny. We submit that by using this approach, the evidence overwhelmingly supports an independent contractor classification. Additionally, as we will outline in this letter, there are facts in this case which have been determined to be presumptive in favor of independent contractor status; specifically that the Contractors have the right to delegate the work at will.

### *Darden* and its Progeny

As mentioned, the *Darden* case shows that the ultimate determination is whether the employer as the principal, has the right to "direct and control" the worker as its agent. The cases since *Darden* have created six "indicator zones" to look at to answer this question.

1. Details of work performance;
2. Expenses of work performance;
3. Compensation for work performance;
4. Duration of work position;
5. Structure of work position; and
6. Location of work performance.

Within each of these six indicator zones, there are a number of sub-factors that have been developed over time in cases. We will examine each of these in light of the present case.

---

[2] Independent Contractor or Employee? Training Materials, IRS Training Course 3320-102, TPDS 842381 (October 30. 1996).
[3] IRM 4.23.5.6.1(2) (November 3, 2009).

4

P-SA000889

*Behavioral Control*

Details of Work Performance

The "details of the work performance" indicator zone comes directly from the Internal Revenue Manual, and it is considered as evidence of behavioral control. The Internal Revenue Manual lists "instructions" and "training" as two things to look at in determining behavioral control.

The "instructions" factor is defined as the right to say when, where and how the worker is to work,[4] and is considered present if there is a right to require compliance with instructions. It has been recognized, however, that all contracts, whether employment or independent contractor, contain certain requirements. And contractual requirements are, by their nature, control devices. So existence of the "instructions" factor has to mean more than that, in that there are specific detailed directions on exactly what is to be done. For example, defense subcontracts between corporations can be hundreds of pages of instructions. This does not mean that one corporation is the employee of the other. Because at the end of the day the subcontractor still runs his or her own business and the contracting party has no control over the individual. The court cases on this issue seem to look heavily at the level of detail in the instructions. As mentioned, the right to say when, where and how the worker is to work is one way to look at it.

In the case at hand, SA has certain requirements in its contracts. The requirements are there for a reason, but that reason is not to direct and control any individuals. Rather, the reasons are to maintain legal requirements, satisfy obligations to the supermarkets, and maintain SA's goodwill. Similar to the defense subcontractors, SA's contractors are the owners of their businesses at the end of the day.

The details of work performance factor also looks to the training offered as evidence of employer control. "Training a worker by requiring an experienced employee to work with the worker, by corresponding with the worker, by requiring the worker to attend meetings…," are examples of control.[5] As mentioned, SA does offer various trainings, and the Contractors may attend these trainings. Under no circumstances, however, are they required to do so. That is the key distinction here, and is another reason why the Contractors are properly classified.

Courts and Rev. Rul. 87-41 also give weight to whether there are set hours of work, and whether the subcontractor has other work. At the same time, it is recognized that some work must be done only during certain hours, and it is not the contracting party's responsibility to make sure the subcontractor seeks other income sources. That being said, these two factors would not apply in the case at hand. The contracts between the supermarkets and SA do state when SA should have its kiosk open, and SA passes this requirement on to the Contractors. But this would no more make the Contractor an employee of SA than it would make SA an employee of the supermarket. This is a product of two businesses trying to serve a mutual customer base, and doing so during a

---

[4] Rev. Rul. 87-41.
[5] Rev. Rul. 87-41.

P-SA000890

set time is more effective. The Contractors are not required to be on location during these times, but rather, they are required to make sure the kiosk is open. This goes to the ability to delegate. While the Contractor is delegating this duty, he or she is free to work elsewhere. Therefore, there is no requirement that they devote full time to SA.

Some of the other factors that would come to play here are that SA does not have a specific requirement as to how the Contractors prepare the product. The Contractor is not required to provide oral or written reports of how they performed their work.

## *Financial Control*

Expenses of Work Performance
The "expenses of work performance" indicator zone is designed to see if there is financial control between the parties. If the contractor gets his or her expenses covered, it is more likely an employer-employee situation. In this case, the Contractors are responsible for their business and travel expenses.[6] The Contractors provide their own equipment and are responsible to obtain their own license to conduct the business.[7]

Another factor noted by the auditor was whether the Contractors had significant investment in the business. Although this is a factor that can be weighed in the "expenses of work performance" indicator zone, it is not necessary for independent contractor status. The fact is many businesses do not require a significant capital investment. This factor was designed primarily to distinguish employee truck drivers from independent contractor truck owners, and it is therefore inapplicable here.[8]

Compensation for Work Performance
The auditor noted that the Contractors are paid monthly, and that was a fact pointing to an employer/employee relationship. This is a misread of the law on that point. Rev. Rul. 87-41 does note that "payment by the hour, week, or month generally points to an employer-employee relationship...." But it goes on to state that this is the case provided "this method of payment is not just a convenient way of paying a lump sum agreed upon as the cost of a job. Payment made by the job or on a straight commission generally indicates that the worker is an independent contractor." This is exactly what we have here. The monthly payment just tracks the same periodic payment structure imposed by the supermarkets. The amount paid to the contractor is based on sales, i.e. a commission.

Rev. Rul. 87-41 also states that a worker who can realize a profit or suffer a loss as a result of their services is generally an independent contractor. How much the Contractors profit depends on the commission rate they strike with SA, how much overhead they incur and how they chose to staff their kiosk. Again, the business decisions are entirely theirs. They can choose to purchase expensive equipment and uniforms, or try to economize. They can choose to hire others to work the kiosk or work some hours

---

[6] *Id.*
[7] And for that matter, the equipment and license go with them when they leave.
[8] *See* Rev. Rul. 71-524, 1971-2 C.B. 346.

6

P-SA000891

themselves. They can even contract for more than one kiosk location. It is all up to them and how much they want to profit. This all goes to financial control, and as is obvious, the Contractors have sole financial control over their situation.

The IRS Training Manual also looks to more obvious indicators of financial control as well, such as provision of insurance and benefits. Certain coverage is only available to employees. SA provides no such coverage to its Contractors.

### Relationship of the Parties

#### Duration of Work Position
Rev. Rul. 87-41 and case law point to ability to discharge as evidence of an employment relationship. This is distinguished from the ability to terminate a contract. The courts have consistently differentiated these two. It is indisputable here that if SA and a Contractor ever have a legal dispute, contract law would govern, not employment law. If SA were to terminate a contract, the State of Minnesota would undoubtedly deny a claim for unemployment on the ground that there was no employment relationship.

#### Structure of Work Position
The auditor cited the "integration" factor, which is part of the "structure of work position" indicator, as evidence of an employment relationship in this case. Under the integration factor of Rev. Rul. 87-41:

> Integration of a worker's services into the business operations generally shows that the worker is subject to direction and control. When the success or continuation of a business depends to an appreciable degree upon the performance of certain services, the workers who perform those services must necessarily be subject to a certain amount of control by the owner of a business.

Although this can be used as a factor to determine an employment relationship, it is not necessary. The reality is no business person would retain a worker, whether as an employee or independent contractor, to do something in the business that is not necessary. Courts have even acknowledged that independent contractors can be an essential part of the taxpayer's business and thus, although the integration factor is relevant, "it is not determinative...."[9]

What is determinative, however, is whether the contractor is required to render the services personally. Often called the "right to delegate," this factor was listed fourth in Rev. Rul. 87-41 and is treated as almost presumptive. As was stated in the *Darden* case, agency law is helpful in these cases. The Restatement of Agency notes that an agreement to provide services that cannot be delegated indicates the relationship of master and servant. So it goes that the opposite would be true – if there is an ability to delegate, than under Agency law, it would not be a master servant relationship. Further, if the

---

[9] *Rayhill v. U.S.*, 364 F.2d 347, 355 (Ct. Cl. 1966).

P-SA000892

contractor brings in other individuals to complete the work, and does this on their own volition, the IRS would likely find that the contractor was the employer.

This is the defining factor in this case. The Contractors in this case can choose to delegate at will. And it is our belief that in every situation the Contractor does delegate, as it is practially impossible for one Contractor to meet the contractual hours obligation of any given kiosk location. SA does not specify any specific individual who is to man the kiosk. That is left to the Contractor. Because of this, SA could not even realistically prepare forms W-4, W2 or withholdings because it would have no idea which individuals to report on, their hours worked or even rate of pay. If payment is going to an employee, and he then pays another individual out of those proceeds, he would be paying tax on the income of the other. Because of the right to delegate in this case, it is not even possible to change the classification of the Contractors.

With that in mind, it should be noted that if the Department forces SA to reclassify its Contractors to employees, the taxpayers have already concluded that it will have to shut down its Minnesota locations. SA would instead sell to the supermarkets pre-packaged sushi through their catering division but given there would be a huge anticipated decline is packaged sushi sales vs. freshly made, SA would likely simply shutter MN as MN makes up only 5% of SA sales but less than 5% of SA profits. Having to treat the Contractors as employees is not economically possible in this business. The company's business model would need to be completely revised, and doing so would not be feasible. With approximately 31 Minnesota locations, SA would have to hire close to 100 employees. Applying the State's logic over their entire business model, SA would have to hire close to 500 employees. There is a very good chance the supermarkets in MN would shut down the kiosks out of fear of having the State make a similar claim towards the supermarkets, effectively putting nearly 100 people instantly out of work in MN alone.

All of the other factors under the structure of work position indictor also point to an independent contractor relationship. The Contractors are allowed to hire, supervise and pay assistants without consulting SA. They can work for others or make their services available to the general public, albeit subject to a reasonable covenant to not directly compete with SA, which is an industry standard.

<u>Location of Work Performance</u>
Although location of work performance is the final indicator, it is considered less important. In Rev. Rul. 73-592, the IRS stated that:

> [W]hile furnishing a place to work and supplies are factors to be considered in determining an employer-employee relationship, the existence of those factors alone is not sufficient to establish such a relationship for Federal employment tax purposes.

8

P-SA000893

The bigger question is whether there is control over the worker. The fact that the worker performs the services at the premises of the employer is, in itself, not control.[10] In the case at hand, the Contractors are actually located at the supermarkets, not at SA's business location. Because SA is not on location, aside from occasional visits, there is very little control as you would see in a typical employment setting. So in essence, this factor is neither important, nor relevant.

*Section 530 Relief*

Aside from the common law analysis above, there is additional legal support for the taxpayer's current classification. In 1978, Congress enacted Section 530 as a way to provide protection to businesses that were properly using the independent contractor status. Congress recognized that it is entirely possible that a reclassification from independent contractor to employee could seriously harm the business, as would happen here. Accordingly, it created 530 relief.

In order to obtain relief under Section 530, a taxpayer must meet each of three requirements. First, the taxpayer must have a reasonable basis for treating a worker as an independent contractor rather than an employee; a reasonable basis can be demonstrated by many means, including reliance on judicial precedent or a published ruling, reliance on a ruling issued to the taxpayer, a significant segment of that taxpayer's industry is treating similar workers as independent contractors, or reliance on the results of an employment tax audit with respect to that taxpayer. Second, the taxpayer must have substantive consistency with respect to the manner in which it treats its independent contractors, which is established by consistently and without exception treating all workers performing similar tasks as contractors, rather than employees. Finally, the taxpayer must achieve reporting consistency, which is satisfied by reporting all compensation paid such workers on all applicable federal information returns (Forms 1099) consistent with its treatment of each worker as an independent contractor.

1. Reasonable Basis. As was stated in the letter from Dan Cavanaugh, there are only about 3 or 4 other businesses doing what SA does on a nationwide basis, and without exception they are operating with independent contractors.
2. Substantive Consistency. Although SA has had employees change their status from employee to contractor, it came with an entirely different set of duties. So it can accurately be stated that they are treating all workers performing similar tasks as contractors.
3. Reporting Consistency. SA has accurately reported all Contractor payments through 1099s.

For reasons stated, there is a significant legal authority backing SA's decision to treat its workers as independent contractors. In fact, as we have shown, it would not be possible to do otherwise. Accordingly, we respectfully request that the Department provide approval of this current classification.

---

[10] Former IRM at 4600-22.

P-SA000894

Please let me know if you need any additional information in this regards.

Sincerely,

HAAG LAW OFFICES, P.A.

Michael P. Haag

P-SA000895



Cavanaugh & Company, P.A., is an entrepreneurial management consulting organization that offers traditional accounting services and creative, forward-thinking solutions.

Cavanaugh & Company, P.A.

Certified Public Accountants
& Consultants

October 27, 2010

Minnesota Revenue
Jonie Beckman
Withholding Tax Division
Mail Station 6501
St. Paul, MN  55146-6501

RE:   Sushi Avenue, Inc.
       MN ID 6792590
       Response to October 4, 2010 letter

Dear Ms. Beckman,

We disagree with the tentative Consent to Change in Tax Liability.  We believe that the
independent Contractors of Sushi Avenue, Inc. are properly classified.  In this letter we
will go through each of your points as I believe you are not aware of all of the facts.

The concept and process being followed by Sushi Avenue, Inc. is not new.  There are
three other large companies in this market; Tsunami, Hissho and Nikko. The model being
followed by Sushi Avenue is an industry and nationwide model that has been used by the
supermarket industry for years.

Page 1, paragraph 3
I will need to see you work papers for the 1099 timing difference.  I believe this is a
result of the calendar year vs. the 52/53 week year being followed by Sushi Avenue.

Page 1, paragraph 6 / Page 2, paragraph 1
Sushi Avenue, Inc. does not require workers to attend food safety classes.  In order to
obtain a store or multiple store locations, the Contractor must be Food Manager Certified.
This is a certification and license issued by the state of Minnesota.  Without this license, a
Contractor is not qualified to open a store location.  It is the Contractors' responsibility to
keep their Food Manager license up to date.  Sushi Avenue offers food safety updates at
their corporate offices that Contractors can attend to assist them in keeping their Food
Manager certification.  Any cost to attend these classes is born solely by the Contractor
and the Contractor must still have their location staffed at the Contractors expense if they
chose to attend.  A Contractor can obtain the necessary certification else where.

As for updates on new products, yes, Sushi Avenue offers updates on new products.  The
costs to attend these updates are born solely by the Contractor or a representative of the
Contractor.  Sushi Avenue does not pay the Contractors to attend nor do they cover any
travel cost.  The Contractor is responsible, while attending the update presentations, to
have a person still operating their location.

Parkdale Plaza
1660 South Hwy 100. #500
St. Louis Park, MN 55416

952.697.3577  Fax 952.697.3566
Web Site www.cpa-consultants.com
E-mail DCavanaugh@cpa-consultants.com

P-SA000896

Offering training and food safety classes is not evidence of behavior control. Attending these classes is optional by the Contractor and if the Contractor decides to attend, the Contractor is responsible for 100% of any costs incurred and must further ensure they have their own employee staffing their location. Lastly, the behavior control you mention is a legal requirement by the state of Minnesota, not Sushi Avenue, Inc. The classes and training being offered by Sushi Avenue, Inc. is no different than attending industry type continuing education classes to keep up on the applicable laws required to be followed by the Contractors. Given the Minnesota's Food Manager Certification requirements, Sushi Avenue, Inc. is also considering this a revenue generator and offering the classes for a fee much like one would pay to attend an industry wide continuing education.

Page 2, paragraph 2
Contactors are not required to contact Sushi Avenue, Inc. any time a problem arises at a location. This is clearly stated in the contract. Per the contract, "The Contractor **should** notify Sushi Avenue, Inc. (HQ) of any complaints from store, customers, or problems relating to the operation of the Sushi Bar or the products being sold. The Contractor acknowledges, however, that the Contractor and not the Sushi Avenue Inc, (HQ) is primarily responsible for dealing with any such complaints or problems or problems relating to the Sushi Bar and the products being sold."   Should is not requirement.  It is the Contractors' responsibility to work out any issues with either the store manager or supermarket representative. Sushi Avenue, Inc. is not in any way involved in the day to day operations of the Contractor or in the Contractors' relationship with the store manager or supermarket representative.

The only time Sushi Avenue, Inc. becomes involved is when requested by the Contractor or by the supermarket as at this point there is typically an impasse that puts the Contractors' ability to keep that location at risk.

Page 2, paragraph 3
Sushi Avenue, Inc. only has the right to control the means and manner of services as specified in the contract, nothing more nothing less. The Contractor is contractually obligated to prepare and present the sushi in a certain manner. This is no different than McDonalds requiring their Contractors to prepare food as specified in the contract so a customer sees the same type and quality of food no matter the location. Further, and more importantly, many of the "control" items you listed are Minnesota state laws, not Sushi Avenue, Inc. requirements so the control is being exerted by the state of Minnesota, not Sushi Avenue, Inc. Under any circumstances, when a business hires an independent contractor, it would want to have quality controls built into the contract.

The location inspections performed by Sushi Avenue's regional mangers is to ensure compliance with food safety laws and that the Contractor is not in breach of their contract. The Minnesota Health Inspector's office performs surprise audits of each Contractor location two to three times per month. If a Contractor fails their health inspection audit conducted by the state of Minnesota, that Contractors' location can be shut down. Further, this could jeopardize the food licenses for that location which is

often in the name of the supermarket so a failure by the Contractor in proper food handling and preparation techniques could actually jeopardize the entire supermarket.

The inspections done by Sushi Avenue, Inc.'s Regional Manager of the Contractors' food handling and preparation follows exactly the requirements by the Minnesota Health Inspector's office and also follows the contractual agreement. As with every independent food preparation chain or location, the parent company does inspections to ensure both contractual and food safety laws are being followed.

We do not know the details of your comment "Per worker questionnaire, a contractor was fined because one of the Sushi Avenue, Inc. employees did not like how the worker wore his hat so they have him a fine." While this seems to be a petty comment, what type and how uniforms are worn is actually a legal requirement so the Contractor (or the Contractor's employee) was more than likely violating Minnesota state food preparation laws.

Page 2, paragraph 4
We do not have a copy of Exhibit B. The Contractor is contractually obligated to have their location staffed for a certain amount of hours per day and a certain number of days per week, often seven days per week. The contract does not specify who must be there, that is up to the Contractor to determine how and when their location is staffed. As attached in a later exhibit, a large number of the Contractors' have their own employees.

Sushi Avenue's monitoring of store hours is simply ensuring the terms of the contract are being followed and that the Contractor is operating the location as contractually required. Sushi Avenue, Inc. does not care who is working at the location, simply that is it open.

As for the other issues raised; consuming food, unauthorized beverages, electronics in premises of sushi bar, ... these are requirements by the state of Minnesota. Specifically, these are part of the food safety laws which are enforced by the Minnesota Health Inspector. Sushi Avenue is simply ensuring the Contractor is following not only Minnesota state laws but also their contract terms.

The outsourcing of product is a contractual obligation. This is no different than McDonalds or Subway franchise owners are required to purchase their main ingredients from the parent company. But, specifically to that point, the Contractor is NOT required to purchase their product from Sushi Avenue, Inc. Per Section Five of the contract, "It is understood that the contractor shall purchase its entire food/sushi product from the owner unless said contractor is able to procure product of an amount less than what the contractor is being charged by the owner. It is understood between the parties that the quality of the product used by the contractor is of significant importance to the owner so as to maintain a quality finished product at each place of business. Contractor shall also be permitted to purchase food/sushi product from another vendor in the event such product is unavailable when needed." Very clearly, is the Contractor is able to find similar ingredients at a cheaper price, the Contractor is able to purchase ingredients from other that Sushi Avenue, Inc.

P-SA000898

**Page 2, paragraph 5 / Page 3, paragraph 1**

Your statement that "If any problems arise, the worker has to contact the business." This is being taken out of context and is a false statement. The full text of the contract states "The Contractor **should** notify Sushi Avenue, Inc. (HQ) of any complaints from store, customers, or problems relating to the operation of the Sushi Bar or the products being sold. The Contractor acknowledges, however, that the Contractor and not the Sushi Avenue, Inc. (HQ), is primarily responsible for dealing with any such complaints or problems relating to the Sushi Bar and the products being sold."

You pulled one sentence out of a thirteen page contract, "Owner shall designate a representative or representatives who shall at times have access to the premises for the purposes of observation tests or inspecting the work performed by the Contractor, to judge whether such work is being performed by the Contractor in accordance with the provisions hereof." and state this one sentence constitutes right to discharge a worker.

First, pulling out one or two sentences from a 13 page contract of this length is out of context. Second, Sushi Avenue, Inc. has a legal right to enforce the contract and to ensure the Contractor is following the terms of the contract. If I hire a painter to paint my house green using certain kind of paint, I have a right to see that the Contractor is using the correct paint and right color. If not, the painter is terminated. This does not make the painter my employee, this makes the painter in violation of the contract terms.

**Page 3, paragraph 2**

The Contractors are required to track PH Recordings, Temperature Recordings, Sanitation Reports and inspection reports as these are required by the Minnesota Health Inspector. If a Contractor is not following these procedures they would lose their Food Manager Certification. These food safety requirements are also sent to Sushi Avenue, Inc. as if a Contractor terminates their contract, loses the records... then Sushi Avenue, Inc. and the supermarket have a copy of the records as required by law.

**Page 3, paragraph 3**

You stated, "The contract states that Sushi Avenue, Inc. requires the workers to work from 9:00AM-6:pm, seven days a week." Again, you are making a one sentence statement from a thirteen page contract. The contract actually states "The Contractor must operate the Sushi Bar form 9 a.m. to 6 p.m. Subject to the regular operating hours of the store wherein the Contractor conduct its business operations (Monday through Sunday)." Section Six of the Contract states, "Contractor shall furnish qualified employees to carry out the work to be performed under the contract."

As also shown in our attachment, many of the Contractors have their own employees.

Sushi Avenue, Inc. is not requiring the Contractor themselves to work these hours. Sushi Avenue, Inc. is requiring that the Contractor must keep these store hours and that it is the Contractors responsibility to either work the hours themselves or the Contractor must hire, train, supervise and pay their own employees.

This in fact can not be a more concrete example of an independent contractor status. The Contractor, not Sushi Avenue, Inc., is responsible for staffing their location. Sushi Avenue, Inc. makes no decisions nor is Sushi Avenue, Inc. involved in any manner in the Contractor's hiring process. The Contractor may be, at its own choice, incorporated, or may operate as a sole proprietor, partnership or etc. As you know, an entity cannot be considered an employee for 941 and 1040 purposes.

### Page 3, paragraph 4

The fact that the Contractors are paid every four weeks is not a sign of an employer-employee relationship. Sushi Avenue, Inc. is paid every four weeks by the supermarkets, this does not make Sushi Avenue, Inc. an employee of the supermarkets. The supermarkets dictate the payment schedule and most supermarkets pay ever four weeks. Further, I have worked with hundreds of different businesses over the years and I have never come across a single business that pays its employees only every four weeks. Every business I have seen pays their employees either weekly, every two weeks or twice per month. The fact that the Contractors are paid once per month, which is United States general accepted practice, further evidences the Contractor status.

The fact the Contractors do not have their own invoices are simply due to the unique nature of the industry. Sushi Avenue, Inc. does not invoice the supermarkets. In this industry, there are no invoices as one would expect in a traditional business model.

The Contractors do have other documents that indicate they maintain a separate business. The Contractors order product from Sushi Avenue as in quantities and frequencies determined by the Contractor, the Contractors are purchasing their own produce, cleaning supplies, ... many Contractors' have their own employees... these are just some of the numerous examples of evidence the Contractor has a separate and distinct business. Further, the Contractors are required to carry their own insurance.

### Page 3, paragraph 5

You state "The workers cannot realize a profit or suffer a loss as a result of his or her services." This is not true and I do not know where or how you were able to draw this conclusion. We do not have access to the net profit and loss for each Contractor but my firm does the tax returns for a few non Minnesota Contractors. Their sales and net profit and loss have varied significantly each and every year. Further, as shown in our attachment, the Contractors are not all paid the same and many of them renegotiated different commission structures. These are actions that would only be taken by someone trying to maximize their bottom line profits. Also, as mentioned above, the Contractors are responsible for their own staffing. Accordingly, if they are prudent business people, they will hire employees at an hourly rate or salary so that they can realize a profit margin from their contracts.

Further, as we noted earlier, the contract allows the Contractor the ability to procure their product from other sources if they can find similar quality at a lower cost.

You state "The opportunity for higher earnings or the possibility of gain or loss from a commission arrangement is not considered a profit or loss." Your statement itself is contradictory and illogical. If the possibility to make more money or less money is not considered a profit or loss then please provide an example of what you consider a profit or loss.

Part of this may be a lack of understanding on how the industry works. The supermarkets pay a commission percentage for every dollar of sushi sold. This is done as the Contractor owns the sushi not the supermarket and not Sushi Avenue, Inc. as the Contractor purchases the product from Sushi Avenue, Inc. (of which Sushi Avenue, Inc. makes a significant profit on the sale of produce to the Contractors) or from another vendor. If a Contractor sells more sushi, they receive more commissions, sell less sushi, less of a commission. If you substitute the word sale for commission then you have more traditional business terms you are probably used to seeing.

Further, a Contractor can hire a person to work their store for some, all or none of the store hours and the Contractor can also open up multiple locations, spend more on in-store advertising., ... these are all actions a business owner would take to maximize profits.

You state "Without a significant investment into a business or the ability to make decisions that would affect the profit and loss of a business, the workers cannot realize a profit or loss." The Contractors do have to make a significant investment in to the business. The mere fact that this is not a capital intensive business does not suddenly make it no longer a business. There are hundreds and hundreds of business that are not capital intensive. The Contractors' investment in to the business is they first need a set of unique skills that take years to obtain, the Contractor will need to quit what ever current employment they had to start this business, they may have to move from a different part of the country to start the business, they will go weeks if not months without income, they must buy the equipment, produce, uniforms, ... and other materials needed to start the business. If they are hiring employees, they need to undertake that process and have the working capital to pay the employees in the hopes their business generates a profit. The Contractors must obtain and pay their own insurance. The Contractors undertake a significant financial risk in order to open up their business.

You state "The workers do not bid on jobs individually or negotiate a commission percentage on a per job basis; the workers have a set commission percentage that was determined by Sushi Avenue, Inc." This is not entirely true as you are ignoring the entire process that lead up to this point. First, there are no individual jobs so that is a moot point. The Contractor in fact does negotiate with Sushi Avenue, Inc. on their commission rate before the contract is signed. You have not considered any pre-contract negotiations and have incorrectly assumed the Contractor simply is assigned a commission rate.

Further, after a six month period, the Contractor can go back to Sushi Avenue and renegotiate a different commission rate. The Contractor does negotiate the initial commission rate before the contract is signed, has the opportunity to negotiate the rate

P-SA000901

after six months and has the opportunity to negotiate the commission rate when the contract expires or before renewing a new contract. This is evidenced in our attachment where you can see, not only are different Contractors earning a different commission rate, individual Contractor commission rates have changed and different Contractors have had different commission structures at the same store locations. There can not be more evidence that the Contractors' negotiate different terms and that the Contractors and not Sushi Avenue, Inc. control the commission rate.

The fact that individual pricing of sushi can not be controlled by the Contractor does not mean control. The pricing is set by the Supermarket chain and not Sushi Avenue, Inc. So, buying a spring roll at a Cub Food store, the price will be the same at every Cub Food store. Buy the same exact spring roll at Festival Foods and the price will be different than Cub Foods. This is no different than buying a Happy Meal at McDonalds in St. Paul will be the same exact price as buying a Happy Meal in Duluth.

Page 3, paragraph 6
You state "When providing services to Sushi Avenue Inc, the workers are consistently working for only the business. Research has not found any income form additional sources for any of the workers..." and that due to the continuing nature this is evidence of an employer-employee relationship.

The Contractor is running a business. In my twenty plus years of working with small business owners, I have rarely seen a business owner who has the energy, capital or different industry knowledge to have multiple businesses going at the same time. I would expect this would be the only main activity of the Contractor.

There is no guarantee of an ongoing relationship with Sushi Avenue, Inc. The Contractor is not forced to sign the contract to keep a relationship with Sushi Avenue, Inc. as there is no prior relationship. Once a Contractor signs the contract, they have an out at 180 days and then after one year if the Contractor decides not to renew the contract. It is the Contractor, not Sushi Avenue, Inc. who is making this determination.

Page 3, paragraph 7
United States v. Silk, 331 U.S. 704(1947), 1947-2 C.B. 167, also states "The distributor who undertakes to market at his own risk the product of another, or the producer who agrees so to manufacture for another, ordinarily cannot be said to have the employer-employee relationship. Production and distribution are different segments of business."

Never-the-less, in support of your argument, your cite is not analogous to our present facts. Although the court noted that if an individual is an integral part of the business he can be considered an employee. But they went on, in the same paragraph, to say that is because the individual can only affect the profitability of the employer. Their payment stays the same regardless of whether they "conserve the equipment." In the present case, the Contractors own their own equipment, so if they don't conserve their equipment, they will only hurt themselves, not Sushi Avenue, Inc. This is a major distinction.

P-SA000902

The Contractors are providing a key process to the business but only one component of the business. One piece that you are not considering is Sushi Avenue, Inc. makes a large percent of their profit from selling the sushi (product) to the Contractor. If the Contractor over orders, lets the sushi spoil... Sushi Avenue, Inc. has already made a significant profit already. Further, Sushi Avenue, Inc. makes a small percentage from the sales. The additional commission earned by Sushi Avenue, Inc. from the sale of sushi products is a second revenue stream of Sushi Avenue, Inc. This is a unique model for the industry. Instead of having royalty fees like a franchisee, this is how this industry operates.

Also, as noted earlier, the Contractor is allowed to use a different vendor than Sushi Avenue, Inc. for the product if the product is of similar quality and cheaper in price.

### Page 4, paragraph 2
You state that the Contractors do not advertise. This is not correct and part of this is due to a lack of understanding of the unique industry. The Contractors are not competing to get a person 10 miles from their location to come to their store. The Contractor is competing for the supermarket customers who walk in to the store. They are competing to get that customer to buy sushi instead of going to the deli, the fast food restaurant within the supermarket, buying pizza for dinner, ...

The Contractor does in fact advertise by doing in store advertising. This advertising specifically targets their potential customer base. The amount of advertising allowed is determined between any given Contractor and store manager or supermarket chain representative. Further, the Contractor can not legally advertise, for example, "Come to Cub Foods Apple Valley for sushi..." without first getting approval from that specific grocery store chain. Since the grocery store chains rarely, if ever, allows this type of advertising using their name, there is little out of store advertising done but the main reason for this is the Contractor is already targeting their potential customers.

Lastly, advertising outside the stores has proven to be an ineffective way of getting new customers and would be a waste of resources. A person looking for sushi who is not already going to that specific store location is not going to go to that store just to buy sushi to take home and would go to a sushi restaurant instead. Doing in-store advertising instead of "traditional" advertising is a sound business decision as it relates to this unique industry.

The fact the Contractor must sign a non-compete is not evidence of an employer-employee relationship and there is no legal basis for this assertion. Nearly every business contract I have seen has some type of non-compete clause. The Contractor is only prohibited from opening up a competing business within 50 miles. Further, as you stated, a Contractor is free to have other employment and to sell their own sushi products outside of the store location per Nay yet go on to quote responses form the Contractor questionnaire that are contradicting. The contract is not intended to lock the Contractor in to just working their location(s), as Nay stated.

P-SA000903

**Page 4, paragraph 3**
They type of uniform and packaging is determined by the specific supermarket. For example, one supermarket may want to promote Sushi Avenue label, another may want to promote Asian Avenue and others want to promote the store such as Lunds Sushi, Supervalu Sushi... This is out of the control of Sushi Avenue., Inc. Using your logic, if anything, this would make the Contractor an employee of each supermarket and not Sushi Avenue, Inc. as it is the supermarket that determines the uniform, logo and packaging.

The fact they have business cards with Sushi Avenue logo is no different than if I get a business card from an owner of Subway, McDonalds, Mary Kay, .... These will all have that specific brands logo on the business card.

**Page 4, paragraph 4**
The contracts between Sushi Avenue, Inc. and the Contractors need to be taken and interpreted as a whole document and agreement. When this is done, the relationship between the Contractor and Sushi Avenue, Inc. is clearly that of an independent contractor. Based on the fact that these Contracts are separately negotiated, it stands that they are substantive, arm's length contracts.

**Page 4, paragraph 5**
There have been some workers who changed from an employee of Sushi Avenue to a Contractor or vice versa. There duties and pay changed drastically, specifically;

- Yupin Aung. There was no continual employment. She worked for Sushi Avenue, Inc. back in 2005 and her employment ended in 2005. From 2005 through 09/09/07, she never worked for Sushi Avenue, Inc. in any capacity nor was operating an independent contractor location. She started her business at the Cub-Midway location on 09/09/07 and shut down her business.

- Kyaw Mo Maung worked as a Chef for Sushi Avenue, Inc from 09/01/04 to 02/15/06. His salary was $2,300 per month. His duties included preparing sushi at company owned store locations. His duties differed greatly from independent contractors in that; his hour were limited to 40 hours per week, he was eligible for company benefits, received expense reimbursements, he did not have to do any product ordering, he was not financially responsible for product costs, he did not have to source and pay for produce, he did not have to hire, supervise or pay other workers to cover the location's required hours, he did not have to pay and provide his own business insurance or workers compensation insurance, he did not have to pay for his uniforms, he did not have to negotiate commission rates, he did not have to pay for in-store advertising, he did not have to negotiate with store managers on in-store advertising, he did not have to buy any equipment, ... basically he had no financial responsibilities and no operational responsibilities. He just had to show up and prepare sushi 40 hours per week.

He opened his independent contractor location at Cub Foods – Stillwater on 07/23/09 and closed his location on 05/08/10. He is not employed by Sushi Avenue, Inc. in any capacity and he has not opened up any other locations.

- Khin Maung Tun worked as a Chef for Sushi Avenue Inc., from 08/08/05 to 12/27/08. His last salary was $2,300 per month. His duties included preparing sushi at company owned store locations. His duties differed greatly from independent contractors in that; his hour were limited to 40 hours per week, he was eligible for company benefits, received expense reimbursements, he did not have to do any product ordering, he was not financially responsible for product costs, he did not have to source and pay for produce, he did not have to hire, supervise or pay other workers to cover the location's required hours, he did not have to pay and provide his own business insurance or workers compensation insurance, he did not have to pay for his uniforms, he did not have to negotiate commission rates, he did not have to pay for in-store advertising, he did not have to negotiate with store managers on in-store advertising, he did not have to buy any equipment, ... basically he had no financial responsibilities and no operational responsibilities. He just had to show up and prepare sushi 40 hours per week.

He started his business at the Cub – Apple Valley location on 12/28/08 and closed it on 12/19/09. He is not employed by Sushi Avenue, Inc. in any capacity and he has not opened up any other locations.

- Hyong Jun Kim had his business at the Cub – Apple Valley location from 10/22/06 and shut it down on 12/27/08. On 01/05/09 he took a position with Sushi Avenue, Inc. as an Operation Director and has a salary of $3,933.32 per month. As on Operations Director, he is overseeing operations and not preparing food. If you need more details please let me know but his Operations Director duties are clearly drastically different than that of an independent contractor.

For the individuals you specified, we have clearly shown that any employee job duties were drastically different than the responsibilities of an independent contractor.

## Page 4, paragraph 6
For Michael Vlaske, that issue was corrected in 2007 and going forward he was strictly W2.

## Page 6, paragraph 2
We do not have a list of any W4's that may be lost or missing. Copies of the W4's may be with the payroll service or in storage. Clearly, even if a W4 was misplaced, Sushi Avenue, Inc. is withholding per the employees requirement as the exemptions claimed by various employees were different, it was not like withholding was done at married, two exemptions for every employee. Please provide a list of missing W4's so we have the opportunity to find the copy.

Page 6, paragraph 3
You state "employers are required to obtain signed statements from their workers indicating the compensation was properly reported." Please provide a legal reference as to my knowledge, there is no such requirement. Sushi Avenue, Inc. properly issued W2 and 1099s to the applicable employees and Contractors.

Page 6, paragraph 6
"The tax based on the compensation workers…" Please provide a worksheet showing your calculation as it is not clear from this paragraph.

Attached MN Contractor History
I have attached a schedule showing the location, dates and commission history of each Minnesota Contractor. Further, when known, we noted which Contractors have their own employees. As you can see from this schedule, a number of contractors have hired their own employees. Sushi Avenue, Inc. was not involved in any manner of the Contractors' decision to hire employees or in determining hours to be worked, rate of pay, vacation policy, benefits, insurance, … Other Minnesota Contractors could have employees that Sushi Avenue, Inc. is not aware of but we listed the Contractors we know for certain that have their own employees.

As you can see some Contractors own and operate multiple locations and the commission structure varies greatly. For example, the Cub-Eagan location has had negotiated commission rates by different Contractors of 70%, 72%, 78% and 72%. Cub-Midway has had negotiated commission rates of 71% and 75% by Nyein Zaw Oo, 71% by Yupin Aung, and then 72% and 74% by Su Nge. In reviewing the commission rates, you can see the commissions not only change with an single Contractor, if a new Contractor takes over the location very often the commission rate is different.

In conclusion, it seems that the Department was operating under a significant misunderstanding about the nature of Sushi Avenue, Inc.'s business. I hope the above clarifications are helpful. Based on the foregoing, it is very clear that the Contractors are properly classified and we are confident that any Trier of fact would agree.

Sincerely,


Daniel C. Cavanaugh, CPA

Cc Nay Hly
    Michael Haag
    Thomas Harlan

Sushi Avenue, Inc.
Minnesota Locations
Contractor History

| Contractor name/Company name | Contract Start Date | Contract End Date | Locations Single Location | Multiple location | Contractor has employee/ If yes how many | Commission History | Every Employee of Sushi Avenue |
|---|---|---|---|---|---|---|---|
| Ju Young An | 4/3/2005 | 5/12/2007 | | Cub-Apple Valley, Cub-Shakopee, Festival Food-Bloomington | two | 70% | No |
| Kyaw Myo Maung | 7/23/2006 | 5/8/2010 | Cub-Stillwater | | one | 7/23/06-9/1/07 74% 9/2/07-5/8/10 72% | Yes |
| Han Gil Lim | 10/1/2006 | 5/8/2010 | | | N/A | | 71% Yes |
| Hyong Jun Kim | 10/22/2006 | 12/27/2008 | Cub-Apple Valley | | N/A | | 71% Yes |
| Son Min Park | 10/22/2006 | 3/15/2008 | Cub-Shakopee | | N/A | | 71% No |
| Jerry H Joo | 2/9/2007 | To Date | | Cub-Maple Grove 2/9/07-2/10/08 Cub-Woodbury | | Cub-Maple Grove 78% Cub-Woodbury 2/9/10-11/22/08 69% 11/22/08-date 71% | No |
| Lang Anantaphong | 3/5/2007 | 5/19/2007 | Cub-Maple Grove | | N/A | | 70% No |
| Nyein Zaw Oo | 3/8/2007 | 6/9/2007 | Cub-Midway | | N/A | 3/8/07 - 5/12/07 71% 5/13/07 - 6/9/07 75% | No |
| Grace Gin Lee | 3/16/2007 | 7/5/2009 | | Cub-Shakopee 3/16/07- 4/25/09 Cub-Bloomington Valley 4/26/09-7/5/09 | N/A | Cub-Shakopee 71% Cub-Bloomington Valley 4/26/09-5/8/09 70% 5/10/09-7/5/09 75% | No |
| Hyun Jun Jun | 5/13/2007 | To Date | | Festival Food-Bloomington 5/13/07-11/12/08 Cub-Eagan East 1/11/09 - Date | N/A | Festival Food-Bloomington 5/13/07 - 3/15/08 71% 3/16/08 - 8/30/08 73% 8/31/08 - 1/12/28 78% Cub-Eagan East 1/11/09 - 3/14/09 75% 3/16/09 - To Date 80% | No |
| Juang Ja Yi | 5/25/2007 | To Date | | Cub-Maple Groove 5/25/07- 11/24/07, Cub-Eagan East 11/14/08 - 1/1/009 Village Market-Prior Lake, Belle Plaine | one | Maple Groove: 5/25/07- 11/24/07 75% Cub-Eagan East 11/14/08 - 1/1/009 72% Prior Lake 11/10/07 - date 80% Belle Plaine 5/16/10- Date 80% | No |
| Kiman Joo | 8/3/2007 | To Date | | Cub-MapleGroove Cub-Eden Prairie | two | Cub-MapleGroove 78% Cub-Eden Prairie 70% | No |
| Rennon R Hoogsa | 8/6/2007 | 9/22/2007 | Cub-Eagan | | N/A | | 70% No |
| Yupin Aung | 9/9/2007 | 3/28/2009 | Cub-Midway | | N/A | | 71% Yes |
| Hasran Kim | 9/30/2007 | 1/5/2008 | Cub-Eagan | | N/A | | 72% No |
| Kai Yang | 10/28/2007 | 2/9/2008 | Cub-Plymouth | | N/A | | 75% No |
| Pal Kue Hang | 11/19/2007 | To Date | | Cub-Crystal 11/19/07-4/11/2009 Cub Maplewood 3/22/2009-Date | two | 75% | No |
| Hank Yung Che | 1/9/2008 | 4/19/2008 | Cub-Eagan | | N/A | | 78% No |
| Chiang Sun Kim | 2/6/2008 | 5/31/2008 | Cub-Plymout | | N/A | | 78% No |
| Jung Min Kang | 4/27/2008 | 7/27/2008 | Cub-Eagan | | N/A | | 78% No |
| Jung Han Joo | 8/3/2008 | To Date | | Cub-MapleGroove Cub-Eden Prairie | N/A | Cub-MapleGroove 78% Cub-Eden Prairie 70% | No |
| Nayzaw Inc | 10/6/2008 | To Date | Cub-Phalen | | N/A | | 75% No |
| Khin Maung Tun | 12/28/2008 | 12/19/2009 | Cub-Apple Valley | | N/A | | 71% Yes |
| Su Nge | 3/29/2009 | To Date | Cub-Midway | | N/A | 3/29/09-10/24/09 72% 10/25/09-To Date 74% | No |
| Keun Heung Lee | 4/13/2009 | To Date | Cub-Crystal | | N/A | | 75% No |
| Richena Gin Jun | 4/16/2010 | To Date | Cub-Shakopee | | N/A | | 75% No |

P-SA000907

# MINNESOTA·REVENUE

February 8, 2011

MN ID:       6792590
Letter ID:   L0793733632

SUSHI AVENUE INC
895 BLUE GENTIAN RD STE 6
EAGAN MN  55121-1570

In Re:  Taxable Period(s) 2007, 2008, 2009

The audit of your Minnesota withholding tax for the taxable periods shown above has been completed.  Based on our review of the records and/or information provided, we have determined that your Minnesota withholding tax was correctly reported.

I would like to thank you for your cooperation during this process.  If you have any questions regarding this determination, or if I can be of further assistance, please call me at (651) 556-4032.

Sincerely,

Jonie Otterson
Revenue Tax Specialist

Withholding Tax Division
Mail Station 6501
St. Paul, MN  55146-6501
An equal opportunity employer
www.taxes.state.mn.us

Tel: (651) 282-9999 or 1-800-657-3594
Fax: (651) 556-5152
TTY: (651) 556-3030 or
Call 711 for the Minnesota Relay

P-SA000908

# MINNESOTA · REVENUE

February 8, 2011


ATTN: DAN CAVANAUGH, CPA
SUSHI AVENUE INC
1660 HIGHWAY 100 S #500
SAINT LOUIS PARK MN 55416-1506


RE:     Sushi Avenue Inc
        MN ID: 6792590
        Tax Period(s): 2007, 2008, 2009

CC:     Nay Hla, President of Sushi Avenue Inc

P-SA000909



**From:** Zepnick, Timothy
**Sent:** Friday, May 22, 2015 11:18 AM
**To:** Jenkins, Douglas T
**Cc:** Becker, Collin; Abraham, Laura; Slaski, James; Alexander, Curlette
**Subject:** FW: Sushi Ave Inc WC8948248

**From:** Abraham, Laura
**Sent:** Tuesday, May 19, 2015 6:09 PM
**To:** Becker, Collin; Zepnick, Timothy; Slaski, James
**Subject:** FW: Sushi Ave Inc WC8948248

Please find the attached information from Sushi. Please advise if this changes our approach regarding independent contractors.

Collin, I'll forward to you some additional information regarding the background of this audit.

Laura

**From:** Melissa Marroquin [mailto:melissa@horniginsurance.com]
**Sent:** Tuesday, May 19, 2015 10:57 AM
**To:** Abraham, Laura
**Subject:** Sushi Ave Inc WC8948248

EXHIBIT
___14___

 Hello Laura!
The insured contacted me yesterday regarding the collections activity for the work comp premium resulting from the work comp audit conducted on this insured.
I received permission from the insured to forward Liberty Mutual the information contained below.  Minnesota

REDACTED



**From:** Alexander, Curlette
**Sent:** Tuesday, June 30, 2015 12:46 PM
**To:** Zepnick, Timothy
**Cc:** Jenkins, Douglas T; Torres, Bruce
**Subject:** RE: Sushi Ave Inc WC8948248 COLLECTION #5336789
**Importance:** High

**From:** Zepnick, Timothy
**Sent:** Monday, June 22, 2015 3:35 PM
**To:** melissa@horniginsurance.com
**Cc:** Abraham, Laura; Alexander, Curlette; Slaski, James
**Subject:** FW: Sushi Ave Inc WC8948248

Melissa-

Thank you for providing copies of the correspondence between Sushi, Inc.'s attorneys and the Minnesota Department of Revenue. Although we understand the logic of this correspondence, we do not feel that it applies for a few reasons. First, the test for determining whether someone is an independent contractor for tax purposes can be different than the same test for Workers'

3
**REDACTED**

<div style="border:1px solid">EXHIBIT<br>15</div>

P-SA000912

Compensation purposes.  Employees that are subject to the WC act may be considered 1099 (independent contractors) employees for IRS purposes.

We also call to your attention M.S.A. § 176.215, attached above.  Subdivision 1 of this statute provides:

> Where a subcontractor fails to comply with this chapter, the general contractor, or intermediate contractor, or subcontractor is liable for payment of all compensation due an employee of a subsequent subcontractor who is engaged in work upon the subject matter of the contract.

We note that on page 3 of the 10/27/10 letter from Sushi's attorneys to the Department of Revenue, Sushi's attorneys state:

> As attached in a later exhibit, a large number of the Contractors' have their own employees.

Since a large number of Sushi's contractors have their own employees, those contractors are required to purchase WC coverage.  If they don't, then they are considered to be employees of Sushi, by operation of law.  If the contractors cannot provide certificates of insurance proving that they have coverage, then M.S.A. § 176.215 leaves us no choice but to include their payroll, without going further into the examination of their status.  And M.S.A. § 176.215 also shows why the Department of Revenue's decision, even if it was based on independent contractor status issues, does not apply to WC.

Accordingly, absent proof that Sushi's workers are covered by WC policies, we are required to rate for them.

Sincerely,


**Tim Zepnick, CIC**
Regional Vice President, Business Insurance
Liberty Mutual Insurance
N19W24130 Riverwood Dr., Suite 200
Waukesha, WI  53188
Direct Dial: 262-446-8390
Cell:  951-203-0103

---

**From:** Melissa Marroquin [mailto:melissa@horniginsurance.com]
**Sent:** Tuesday, May 19, 2015 10:57 AM
**To:** Abraham, Laura
**Subject:** Sushi Ave Inc WC8948248

 Hello Laura!

The insured contacted me yesterday regarding the collections activity for the work comp premium resulting from the work comp audit conducted on this insured.

P-SA000913

**Liberty Mutual Insurance**
**513-603-2213**
**VoIP #785-2213**

---

**From:** Alexander, Curlette
**Sent:** Tuesday, June 30, 2015 12:46 PM
**To:** Zepnick, Timothy
**Cc:** Jenkins, Douglas T; Torres, Bruce
**Subject:** RE: Sushi Ave Inc WC8948248 COLLECTION #5336789
**Importance:** High

Hi Tim,

I spoke with Melissa the agent this morning who stated she discussed your email below with the insured on or about 6/23/15 and his response is that he intends to proceed legally.  Based on this response I've asked my manager to assign this account to one or our collection attorneys unless you object or have any additional concerns.

Thanks!

**Curlette Alexander**
Sr. Receivables Analyst
Notary Public
Liberty Mutual Insurance
PO Box 85844
San Diego, CA 92186-5844
Direct Dial: 619-744-2901
Toll Free:   866-568-0296
Fax:         619-595-3301
Email:      curlette.alexander@libertymutual.com



This e-mail, and any attachments hereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please notify me via return e-mail and via telephone at 866-568-0296 and permanently delete the original and any attachment and any copy/printout thereof.  Thank you.

---

**From:** Zepnick, Timothy
**Sent:** Monday, June 22, 2015 3:35 PM
**To:** melissa@horniginsurance.com
**Cc:** Abraham, Laura; Alexander, Curlette; Slaski, James
**Subject:** FW: Sushi Ave Inc WC8948248

Melissa-

Thank you for providing copies of the correspondence between Sushi, Inc.'s attorneys and the Minnesota Department of Revenue.  Although we understand the logic of this correspondence, we do not feel that it applies for a few reasons.  First, the test for determining whether someone is an independent contractor for tax purposes can be different than the same test for Workers' Compensation purposes.  Employees that are subject to the WC act may be considered 1099 (independent contractors) employees for IRS purposes.

3

EXHIBIT
16

P-SA002171